## MANLEY *v.* HUNT AND HUNT.

CHANCERY.—*Land—Lien—Judgment—Demurrer.*

Land sold and not conveyed, is not liable to subsequent judgment against the
vendor. Sale upon execution may be stayed by injunction.

When demurrer is overruled, defendant is not permitted to answer without
affidavit of merits.

THIS cause came before Judges Pease and Burnet, at the August
term, 1824, in Ashtabula county.

The facts alleged in the bill were these: That one John Lay,
being owner and proprietor, and vested with the legal title to a
certain tract of land in the county of Ashtabula, contracted to sell
it to one Harman. That in July, 1818, Harman, not having re-
ceived a legal title, sold all his right and interest in the land,
*bona fide,* and for a valuable consideration, to the complainant,
Manley. That in November following, the defendants recovered
a judgment at law against Harman. That Lay, after the recover-
ing of the judgment, conveyed the land in question to Harman,
who conveyed the same in April, 1820, to Manley, the complainant,
according to his contract. That in June, 1823, the defendants
sued out execution on their judgment against Harman, and caused
it to be levied on the same tract of land, and that they were pro-
ceeding to sell it.

The prayer of the bill is, to be relieved from the execution and
to be quieted in the possession and title.

The defendants demurred on the ground that the matter stated
in the bill did not entitle the complainant to the relief prayed for.

The question discussed at the bar and submitted to the court
was, whether the judgment against Harman was a lien *on [258
the land, and authorized the defendant to proceed and sell it in
satisfaction of their debt, as the legal title had been vested in Har-
man after the rendition of the judgment.

By the COURT:

We are decidedly of opinion that the land in question is not
affected by the lien of the judgment, although the legal title was

271

vested in Harman subsequent to the judgment. After Lay had sold this land to Harman, he held the title in trust for him, and the land ceased to be liable for. the debts of Lay. After the sale to Manley the trust inured to his benefit, and Lay became his trustee, so that the land was not liable to the debts either of Lay or Harman. There was no necessity of passing the title through Harman, the deed might have been made direct to the complainant, but as it is, his equitable rights are not affected by the course pursued, for the moment the title vested in Harman he was seized in trust for Manley, and had he conveyed the title to a third person, for a valuable consideration with notice, the lands would have continued chargeable with the trust, and equity would have decreed the title to the complainant.

It would be productive of much mischief and injustice to make trust estates liable to judgments against the trustee. Such a principle never has been, and we trust never will be recognized in this state. From the moment Harman contracted in good faith to sell the land to Manley for an adequate consideration, he became a trustee for Manley, and the land ceased to be liable for his debts on after acquired judgments. It then became liable in equity to the debts of Manley, and the purchase money, if any part of it remained unpaid, might be reached in the same way by the creditors of Harman.

The demurrer must be overruled.

The defendants then moved for leave to answer, but not having produced an affidavit of merits, and that the demurrer was not filed for delay, as the statute requires, the court were on the point of overruling the application, when, by consent of the complainant, defendants were permitted to file their answers.