# PARROTT ET AL. v. DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT, WITHIN AND FOR THE COUNTY OF UINTA, ET AL.

## (No. 713.)

PRACTICE—DISMISSAL OF CAUSE FOR WANT OF PROSECUTION—POWER OF COURT TO REINSTATE—JUDGMENT—VACATION OR MODIFICATION AFTER TERM.

1. Where a cause was dismissed by the court for lack of prosecution, and no steps were taken during that term to set aside the order of dismissal, the cause was at an end as fully and completely as though it had been tried upon the merits and judgment rendered in favor of the defendant.

2. After the term at which the judgment or order is rendered or made, the court has no power to vacate it or modify it, except as provided by law.

3. Where a cause has been dismissed by a district court for lack of prosecution, the order of dismissal cannot be vacated after the term at which it was made on the ground of unavoidable casualty or misfortune, which prevented the party from prosecuting the cause, except upon the filing of a petition, verified by affidavit, setting forth the judgment or order and the grounds to vacate or modify it, and the issuance and service of a summons as in the commencement of an action; that being the procedure provided by statute for vacating or modifying a judgment or order after the term on the ground stated. (Comp. Stat., 1910, secs. 4650, 4654.)

4. A cause having been dismissed by the district court for lack of prosecution, an order reinstating the cause on the docket after the term was void; no petition having been filed for the vacation of the order of dismissal as required by statute, and no summons issued, and the motion upon which the reinstatement order was made was merely to reinstate the cause, and it was supported by an affidavit of plaintiffs' counsel stating in effect that the lack of prosecution was caused by the neglect and inadvertence of counsel on account of his absence from the state, and the loss of the papers in the case for more than two years, without the showing of any effort to supply such loss of the papers by substituting copies or otherwise. In such case the motion was insufficient even if treated as a petition under the statute.

[Decided July 22, 1912.]                    (126 Pac. 45.)

ORIGINAL application for writ of prohibition.

The application for the writ of prohibition was made by Joseph Parrott and the State of Wyoming on the relation of the said Joseph Parrott, naming as defendants the District Court of the Third Judicial District, within and for the County of Uinta, and David H. Craig, Judge. An alternative writ was issued and served, but there was no appearance on behalf of the defendants, and the case was heard and disposed of on the petition and the evidence presented by the plaintiffs.

*W. B. Dunton* and *T. S. Taliaferro, Jr.,* for plaintiffs.

Under the common law procedure which governs in this state in the absence of statute, the rule seems to be that where there is no answer or appearance by the defendants in response to an alternative writ of prohibition, the writ or order should be made absolute, as by default. (16 Ency. Pl. & Pr. 1137; Turton v. Reiner, 12 Mod. 447.) In such case, also, the averments of the petition, when verified, are to be taken as true, without the necessity of proof. (4 Suth. Code Pl., Sec. 7129; Kirby v. Court, 68 Cal. 604; State v. Court, 14 Wash. 203, 44 Pac. 131; 2 Spelling on Inj. & Ext. Rem., Sec. 1761.)

The order by the District Court dismissing the cause for want of prosecution was duly made in accordance with the provisions of statute. (Comp. Stat. 1910, Sec. 4609.) Thereupon, the District Court lost all power to modify the order, and it had no further jurisdiction in the cause, when the term at which the order of dismissal was made expired, no motion or other attempt having been made to modify the order during the term. (Comp. Stat. 1910, Sec. 4650.) The motion to reinstate did not set forth any grounds specified by the statute authorizing the vacation by the District Court of a judgment or order after the term, nor was any notice given to the defendants in the suit of the motion to reinstate, and there was no attempt to comply with the statutory procedure. The motion for and the order of rein-

statement appear to have been considered entirely within the discretion of the court. The procedure was insufficient and unauthorized. (Huntington v. Finch, 3 O. St. 445; Gray v. Ames, 220 Ill. 251, 77 N. E. 219; Waller v. Clarke, 64 S. E. 1096; Strock v. Jamieson, 139 Ill. App. 339; Glaefke v. Western El. Co., 145 Ill. App. 383.)

The District Court had no jurisdiction to reinstate the cause when the order for reinstatement was made. The writ of prohibition is a proper remedy to restrain further proceedings. (16 Ency. Pl. & Pr. 1115.) The plaintiff and relator has no other remedy than the writ of prohibition, and certainly no other remedy as speedy and adequate. A remedy by appeal would require an expensive and useless trial in the District Court. (Mining Co. v. Court, (Cal.) 82 Pac. 70; Kirby v. Court, 68 Cal. 604, 10 Pac. 119; State v. Williams, 48 Ark. 227; Spencer v. Branham, 109 Cal. 336, 41 Pac. 1095; State v. Court, 19 Wash. 128, 52 Pac. 1013; Burroughs v. Taylor, 90 Va. 55, 17 S. E. 745; White v. Court, 72 Cal. 475, 14 Pac. 87; 2 Spelling on Inj. & Ext. Rem., Secs. 1726, 1730; 32 Cyc. 610.) The principle here contended for is clearly stated in an exhaustive note in 111 Am. St. Rep. 946. The question whether a party has another adequate remedy than prohibition is to be determined upon the facts of each particular case. (16 Ency. Pl. & Pr.; 111 Am. St. 961; Keefe v. Court, 16 Wyo. 394.)

No appearance for defendants.

BEARD, CHIEF JUSTICE.

In this case the plaintiffs filed in this court a petition for a writ of prohibition to be directed to the District Court in and for Uinta county, and to Hon. David H. Craig, judge of said court, to prohibit further action in a certain case in said court wherein Frank Blanchard is plaintiff, and Joseph Parrott (plaintiff here) is defendant. The petition was presented to the Chief Justice, who issued an alternative writ and made the same returnable before the court. Service was duly acknowledged, but no answer or other plea was filed on behalf of defendants, and the case has been heard

on the petition, and the evidence presented by the plaintiffs. The facts, as found by the court, are, that said Blanchard filed a petition in the District Court of Uinta county on April 6, 1907, against the said Parrott for the recovery of damages for an alleged breach of contract. On May 25, 1907, the defendant therein, Parrott, filed a demurrer to the petition, which demurrer was confessed by the plaintiff September 14, 1907, and he was given ninety days from that date to file an amended petition, and defendant was given thirty days thereafter to answer. No amended petition having been filed, the defendant on January 11, 1908, filed a motion to dismiss the action for the failure of the plaintiff to comply with the order of September 14, 1907. An amended petition was filed February 8, 1909, without leave of court. Nothing further was done until April 14, 1911, when the following order was entered: "On motion of attorney for defendant, it is ordered by the court that this case is dismissed for lack of prosecution." At the next term of the court, to-wit: September 14, 1911, the defendant filed a motion to reinstate the case on the docket, and on the same day the court entered an order reinstating the case on the docket "upon the payment by plaintiff of all costs of defendant up to the date of this order; that said amended petition be and remain on file in this cause and that said cause stand upon the docket of this court for further regular proceedings as if said amended petition had been filed in time. To which order and ruling John R. Arnold, who appears specially herein, objects and excepts. It is further ordered that said defendant be given ninety days from this date within which to answer, demur or otherwise plead to said amended petition." It appears by the affidavit of Parrott filed in this court in support of his petition for the writ, that he had no notice of the motion to reinstate the case on the docket or of the order so doing until long after September 14, 1911; that when the case was dismissed April 14, 1911, he supposed the action was ended, and that he never employed any attorney to represent him on the

hearing of the motion to reinstate the case on the docket and that no attorney did represent him on said hearing. An affidavit of John R. Arnold recites: "That at the September, A. D. 1911, term of said court, to-wit: on September 14, 1911, the attorneys for said plaintiff filed, without notice, their motion and affidavit to reinstate said case, which motion was presented to said court on the date of the filing thereof, at which time said affiant was called upon, whereupon he stated in open court that he considered the case finally ended and that said defendant had been so informed. The affiant further avers that said defendant offered no evidence, and any appearance, objection or exception made at the time said motion was heard was made by this affiant without reference to the defendant being by him represented, and reference is hereby made to the exact wording of the order of said court."

When the case was dismissed by the court April 14, 1911, for lack of prosecution, and that term of the court was allowed to pass without any steps being taken by the plaintiff to set aside the order of dismissal, the case was at an end as fully and completely as though it had been tried upon the merits and a judgment rendered in favor of the defendant. After the term at which a judgment or order is rendered or made the court has no power to vacate or modify it, except as provided by law. The statute, Sec. 4650, Comp. Stat. 1910, states the grounds upon which the court may vacate or modify its own judgments or orders after the term at which the same were made. Among those grounds is that specified in sub-division 7 of said section: "For unavoidable casualty or misfortune, preventing the party from prosecuting or defending." That is the only ground upon which the motion to reinstate the case on the docket appears to be based according to the affidavit in support of the motion. Sec. 4654, Comp. Stat. 1910, prescribes the method of procedure in that case as follows: "The proceedings to vacate the judgment or order on the grounds specified in sub-divisions four, five, six, seven, eight, nine

and ten of Sec. 4650, shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and if the party applying was defendant, the defense to the action, and on such petition a summons shall issue and be served as in the commencement of an action." That such is the proper procedure in a case like the one here, see Rawlston et al. v. Wells, 49 O. St. 298, 30 N. E. 784. That method was not pursued in this case; and if we should consider the motion as a petition it was wholly insufficient. (Hill v. Williams, 6 Kan. 17.) The motion is: "Comes now the plaintiff and moves the court to reinstate this case upon the docket for the reasons set forth in the accompanying affidavit." The affidavit is by one of the attorneys for plaintiff and among other things states, "that by the neglect and inadvertence of affiant on account of his absence from the State of Wyoming, said amended petition was not filed within said ninety days." And it is also averred that the papers in the case were mislaid and lost for a period of more than two years. No effort seems to have been made to supply the loss by substituting copies or otherwise. No summons was issued, and if the objection made and exception taken by John R. Arnold constituted an appearance, it was without authority from Parrott and did not bind him. The court having dismissed the case at the April, 1911, term and that term having expired without further action, the court was without authority to enter an order reinstating the case on the docket, and thus reinvest itself with jurisdiction of the person and subject matter of the action. (Gray v. Ames, 220 Ill. 251, 77 N. E. 219, 5 Ann. Cas. 174.) The order dismissing the action could be vacated only in the method provided by statute. That method not having been pursued, the order reinstating the case on the docket was void. For the reasons stated the alternative writ of prohibition heretofore issued should be made absolute, and it is so ordered.

*Alternative writ made absolute.*

SCOTT, J., and POTTER, J., concur.