BOULTER ET AL v. COOK*
(No. 1225; April 14, 1925; 234 Pac. 1101)
Rehearing denied—236 Pac. 245.

STIPULATIONS—JUDGMENT — VACATION OF — PLEADING — COLLATERAL
ATTACK—JURISDICTION—CONSTITUTIONAL LAW.

1. Former proceedings concerning property involved, dictated by counsel for defendant into the record, *held* to be in evidence in view of intended stipulation of parties that proceedings and facts so dictated should be considered in evidence.

2. As a general rule, steps to set aside, modify, or correct judgments, by motion or otherwise, must be taken during term.

3. Motion to vacate judgment, for irregularities as provided by Comp. St. 1920, § 5923, subd. 3, but which was regular on face and which was not made as required by section 5926, within first three days of succeeding term, *held* ineffective.

4. Court *held* not to have duty to notify interested party of taking up and disposing of case, although thereby depriving party of opportunity to answer over when his demurrer was overruled; it being duty of party to take account of time and place of holding court and state of calendar.

5. Party wishing to amend or plead over where demurrer is overruled must make motion or offer to that effect, especially in view of Comp. St. 1920, § 5706, providing that court may allow answer or reply if it is satisfied that he has meritorious claim or defense and did not demur for delay.

6. Where case was delayed pending final decision of controlling case, entry of judgment overruling demurrer 14 months thereafter, although demurring party did not appear to request permission to answer over, *held* not irregular, so as to be set aside by motion, but would require petition under Comp. St. 1920, § 5927, on grounds provided under section 5923, subd. 7, and therefore an order to vacate based on motion was null and void.

7. Judgment which affirmatively appears on face of record to be void may be attacked collaterally or otherwise.

8. Application made April, 1920, to open and vacate default judgment of July, 1919, *held* part of record as regards showing by the record that no jurisdiction existed to open such judgment.

ON PETITION FOR REHEARING

9. While court must decide in first instance whether it has jurisdiction, its affirmative decision is not final in collateral attack on judgment, when want of jurisdiction appears of record. ·

10. Power to open up judgment after term is derived from statute (Comp. St. 1920, § 5923), except when common-law remedy is applicable.

11. Where face of proceedings shows that motion to open up judgment after term was not based on irregularity, as contemplated by Comp. St. 1920, § 5923, subd. 3, notwithstanding court's decision to contrary, judgment could not be opened pursuant to motion and service of notice thereof on attorney of record, but could be opened only under section 5927, after filing of petition and issuance of summons to be served as in commencement of action, and, where no summons or notice of motion was served on respondent and he made no appearance, court had no jurisdiction of his person.

12. Service of notice of motion to open judgment after term on party's attorney in former case *held* not equivalent to service of summons on party himself, as required by Comp. St. 1920, § 5927, and due process of law.

*NOTE—See Headnotes—(1) 36 Cyc. p. 1292 (1926 Anno.); (2) 34 C. J. pp. 245, 255; (3) 34 C. J. p. 258; (4) 34 C. J. pp. 307, 311; (5) 31 Cyc. p. 357; (6) 34 C. J. p. 421; (7) 34 C. J. pp. 528, 530; (8) 34 C. J. p. 531; (9) 34 C. J. p. 553; (10) 34 C. J. pp. 221, 224; (11) 34 C. J. pp. 323, 324, 352; (12) 12 C. J. p. 1228; 34 C. J. p. 352.

ERROR to District Court, Fremont County; CYRUS O. BROWN, Judge.

Action by John W. Cook against Ray Boulter and another to quiet title and enjoin the foreclosure of a mortgage. Anna L. Cook was substituted for plaintiff who died during pendency of appeal. See also 31 Wyo. 373, 226 Pac. 447.

*T. S. Taliaferro, Jr., & W. A. Muir* for plaintiffs in error.

Plaintiffs failed to prove legal title or actual possession, 6234 C. S. Clark v. Hubbard, 8 O. 385; Thomas v. White, 2 O. St. 547; Scott v. Kromer, 31 O. St. 300; Baldwin v. McDonald, 24 Wyo. 132. There was no change of possession from Hawkins to Cook, 17 Ency. p. 317; Hard v. Jones, 86 Ill. 313; an entry effected by collusion will not support a bill to quiet title; Wakefield v. Co., 85 Mich. 605, nor by act of trespass; Swayze v. Bride, 34 Mo. Ap. 414; nor by sharp practice Stetson v. Cook, 39 Mich. 750. The order of June 2, 1920 is void for want of jurisdiction. After overruling of demurrer a party may plead if the Court is satisfied that he has a meritorious claim or defense; Grover Co. v. Lovella Co., 21 Wyoming 237; Sec. 5926 C. S. does not apply; Mitter v. Coal Co., 206 Pac. 752; 28 Wyo. 439; refusal of the trial Court to permit further pleading is not an irregularity contemplated, Sec. 5923 C. S. Ralston v. Wells, 30 N. E. 784; Parrott v. Court, 20 Wyo. 494. In vacation proceedings the grounds must be first considered, 5928 C. S. McGinnis v. Bailey, 28 Wyo. 328. In the absence of a meritorious defense interference with the enforcement of a judgment is forbidden, 5929 C. S. Ames v. Brinsden, 25 Kans. 746. The decree of June 18th, 1920 is no bar in this case, irrespective of its validity. Purchasers in good faith are protected; 5925, 5929 C. S. The tax deed, unaccompanied by evidence of its validity, is inadmissible, 2893 C. S. Rhodes v. Gunn, 35 O. St. 349, 27 Ency. of Law 974. The petition did not state a cause of action, within the rule announced in Durell v. Abbott, 6 Wyo. 267, see also 26 O. St. 522.

*G. J. Christie* for defendant in error.

The decree appealed from was valid, 5923-5926 C. S. The service was in accordance with the statute, Follett v. Alexander, (Ohio) 50 N. E. 720. The contentions of plaintiff in error constitute a collateral attack, 15 R. C. L. 838. A judgment may be set aside at a subsequent term for ir-

regularity or improper conduct in procuring it, and even if erroneously vacated the proceedings are not void; Whittaker's A. O. C. C. 911, 20, O. 344, 23 Cyc. 1062, 15 R. C. L. 839. The evidence showed that Cook took possession. The petition was sufficient, Durell v. Abbott, 6 Wyo. 265.

BLUME, Justice.

This is an action to quiet title brought on April 29, 1922, by John W. Cook, as plaintiff, against Ray Boulter and James H. Hawkins, as defendants.

The petition alleges that plaintiff is the owner and in possession of the SE¼ of the SW¼ of Section 27; NW¼ of Section 34; N½ of the NE¼ and NE¼ of NW¼ of Section 33, in Township 31 North of Range 106, West of the 6th P. M., Fremont county, Wyoming, containing 320 acres of land; that the defendants have or claim to have some lien or title to said land adverse to plaintiff; that Ray Boulter advertised to foreclose a certain mortgage against said land but that said pretended mortgage is void. Plaintiff prays that said foreclosure be restrained and his title be quieted. Judgment was entered in favor of the plaintiff, from which said Ray Boulter has brought proceedings in error to this court. The plaintiff, having died during the pendency of the case in this court, Anna L. Cook, the executrix of his last will and testament, has been substituted in his stead and she will hereafter be referred to as defendant in error.

The facts in this case are substantially as follows: Said land was patented on October 9, 1906, to Joseph M. Boulter. On June 10, 1912, it was duly sold and conveyed to said Ray Boulter. On July 1, 1912, it was bought in by John W. Cook for $47.21, at a sale for delinquent taxes. On August 20, 1915, John W. Cook caused notice to be served on said Ray Boulter, the occupant of said premises, that on December 24, 1915, he would apply to the treasurer of Fremont county, to issue a tax deed to him for said premises. Thereupon, and on December 16, 1915, the Rock Springs National Bank and Ray Boulter, as plaintiffs,

through T. S. Taliaferro, Jr., their attorney, brought an action against the treasurer of Fremont county and John W. Cook, as defendants, to restrain the issuance of such tax deed, alleging among other things that said Ray Boulter had often tried to redeem said land from the tax sale aforesaid, and had made a tender of the amount due. A temporary injunction was issued in said cause on December 20, 1915. On January 31st, 1916, a general demurrer was filed on behalf of said defendants, on the ground that the petition did not state facts sufficient to constitute a cause of action. Burns v. State, 25 Wyo. 491, 173 Pac. 55, 785, decided May 28, 1918, was then pending in this court and involved a question similar to that intended to be raised by said demurrer, and because of that fact nothing was done in said Rock Springs National Bank case until July 23, 1919, at which time a judgment was entered in said cause which (omitting caption) is as follows:

"Now on this 23rd day of July, 1919, this cause came on regularly to be heard by the court upon the petition of the plaintiff and the demurrer of the defendant herein; and the court having considered said pleadings and being now sufficiently advised in the premises, doth overrule the said demurrer, and the defendants and each of them failing to plead further in this cause and being now in default for an answer or other plea herein, and said default having been regularly taken and entered, and in consideration of the petition and of the affidavit verifying the same, and of the proof and facts upon which the temporary restraining order was issued herein; and the court being now sufficiently advised in the premises, doth make the said temporary restraining order heretofore issued in this cause permanent."

Said judgment was filed in the district court of Fremont county, on August 11, 1919. Nothing further was done in said case until April 7, 1920. On that date John W. Cook filed a motion, supported by affidavits, to open, vacate and set aside said judgment of July 23, 1919, upon the ground that

the demurrer of defendants was overruled and decree rendered and entered against defendants without notice to him or his counsel and without giving him an opportunity to answer the said petition, although he had a good, lawful and equitable defense to said petition. Notice of said motion was duly served upon the Rock Springs National Bank and upon T. S. Taliaferro, Jr., and on May 22, 1920, said bank filed a disclaimer. No notice of said motion was served upon Ray Boulter personally, and he did not appear. John W. Cook and the treasurer of Fremont county duly filed an answer in said cause. On June 2, 1920, the court entered an order vacating and setting the decree of July 23, 1919 aside and permitting the defendants in said cause to appear therein and answer or defend, and granting the plaintiffs, namely said bank and Ray Boulter, fifteen days in which to file a reply. On June 18, 1920, no reply having been filed, the court entered a decree, finding that the premises above described were duly and regularly sold for taxes on July 1, 1912, duly and regularly levied thereon for the year 1911; that John W. Cook became the purchaser at said sale; that on August 20, 1915, said purchaser caused notice to be served upon said Ray Boulter, that he would apply for a tax deed for said premises on December 24, 1915, and further caused notice of said application to be published in the Wyoming State Journal, a newspaper printed and published in Fremont county, Wyoming and that said premises have not been redeemed from said tax sale. The temporary restraining order theretofore issued was dissolved, and the county treasurer of Fremont county, Wyoming, was authorized and directed to issue to John W. Cook, a tax deed to said premises. On July 6, 1920, a tax deed was issued accordingly, but is not incorporated in the record.

In the meantime and on October 27, 1919, Ray Boulter and his wife duly conveyed the said premises to James H. Hawkins, one of the defendants in the present action, for a valuable consideration, and on the same day, the latter and his wife executed a mortgage to Ray Boulter to secure

the sum of $12,000, the remainder due on the purchase price. It is this mortgage which is sought to be declared invalid in the present action.

It is contended by the attorneys for the plaintiff in error, that the foregoing proceedings and facts were not introduced in evidence, although dictated into the record by W. A. Muir, who acted as attorney for plaintiff in error. The contrary is maintained by the attorney for the defendant in error. Unless these facts and proceedings, as so dictated, are in evidence, no title to the premises in controversy has been shown to be in John W. Cook. We think, however, without stating the reasons therefor in detail, that it was intended to be stipulated by the parties that the proceedings and facts so dictated should be considered in evidence. The court so understood it, found the facts as hereinbefore mentioned, and based the judgment, which was rendered in the present case, entirely upon the judgment of June 18, 1920. The latter judgment is in the record only by reason of the stipulation dictated into the record by Mr. Muir. The gist of the controversy in the present case is as to whether the judgment of July 23, 1919, is still in force or effect, or whether it was lawfully vacated by the order of June 2, 1920, hence making the judgment of June 18, 1920, the only lawful judgment in the case of Rock Springs National Bank and Ray Boulter v. John W. Cook et al.

1. The term at which the judgment of July 23, 1919, was entered, ended on the second Monday of November, 1919. It is a rule well established, that after the term has ended, all final judgments and decrees pass beyond the control of the court, unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them, and if errors exist, they can only be corrected by petition in error or appeal. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797. To this rule, however, there are a number of exceptions. Section 5923, W. C. S. 1920, which has been in force for many years, provides that judgments may in certain cases, be vacated or modified after the term. Un-

der subdivision 3 of that section, that may be done "for mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." Section 5926, W. C. S. 1920, provides that "the proceedings to correct mistakes or omissions of the clerk or irregularity in obtaining a judgment or order, shall be by motion upon reasonable notice to the adverse party or his attorney in the action; but the motion to vacate the judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term." Subdivisions 4 to 10 of said section 5923, provide for other cases in which judgments may be vacated or modified after the term. Among these grounds is that provided in subdivision 7, namely "for unavoidable casualty or misfortune preventing the party from prosecuting or defending." In order, however, to vacate or modify a judgment on the grounds specified in the latter subdivisions, it is necessary, as provided by section 5927, to file a petition verified by affidavit, setting forth the judgment or order, and the grounds for vacating or modifying it, and upon such petition a summons must be issued and served as in the commencement of an action. Counsel for defendant in error claim that the proceedings to vacate, involved in the case at bar, are based upon an irregularity, and that hence the judgment of July 23, 1919, was properly opened and vacated upon motion and notice thereof served upon the attorney of record in the case. We are cited to Follett v. Alexander, 58 Ohio S. 202, 50 N. E. 720. The case holds that the rendition of judgment for plaintiff, as upon default, where a demurrer has been duly filed to the petition and remains undisposed of, is an irregularity in obtaining a judgment, for which the court may, upon motion and a proper showing, at any time within three years, vacate the judgment. A contrary view seems to have been taken in Utley et al v. Cameron, 87 Ill. App. 71, and Green v. Railroad Co., 118 Ill. App. 1. We need not, however, decide as to whether or not the holding in Follett v. Alex-

ander, supra, is correct. The error there appeared upon the face of the proceedings. In the case at bar, the judgment of July 23, 1919, appears to be regular and the facts in the two cases are altogether different. The irregularity claimed in the case at bar is, in its ultimate analysis, that the court did not notify Cook or his counsel of taking up and disposing of the case, thus depriving Cook of the opportunity of answering over when the demurrer was overruled. But the courts seem to be unanimous in holding that no such notice was necessary to be given to the parties interested. It is the duty of a party, or his attorney, to take account of the time and place of holding court, the position of the case on the calendar and the state of the calendar. He is presumed to know and is held to know, what is necessary to protect his interest. Dollister v. Pilkington, 185 Iowa 815, 171 N. W. 127; Williams v. Wescott, 77 Iowa 332, 339; 42 N. W. 314, 14 Am. St. Rep. 287; Biggsby v. Eppstein, 39 Okla. 466, 135 Pac. 934; Clark v. Ramsey, 143 Ga. 729; 85 S. E. 869; Weitzell v. Lieuwen, 179 Iowa 1250; 162 N. W. 833; McGurrin v. Jackson, 215 Mich. 214, 183 N. W. 918, 34 C. J. 307; Hayne, New Trial and App., Sec. 76; Seifert et al v. Holt, 82 Ga. 757, 9 S. E. 843. In the case of Masters v. Holland, 12 Kan. 17, 25, the court said:

"Every one having a matter in litigation before any tribunal, court or county board, must, in order to protect his rights, be present at every session at which the controversy may be determined, until there is a final disposition. He stays away at his peril; and if during his absence the matter is disposed of he can blame no one but himself. This in many cases is a great hardship. Many a suitor in the courts has felt it so, yet no remedy therefor has as yet been devised."

To the same effect, in some instances quoting the foregoing language, are: Weems v. McDavitt, 49 Kan. 260; 30 Pac. 481; Green v. Bulkley, 23 Kan. 131; Turner v. Miller,

28 Kan. 50; Mehnert v. Thieme, 15 Kan. 368. In Linderman v. Nolan, 16 Okla. 352; 83 Pac. 796 and Lindsey v. Goodman, 57 Okla. 408, 157 Pac. 344, it was said that while courts do frequently, and ordinarily in fact, have counsel notified or called when a case is reached for trial, that is done as a courtesy and not as a duty. In Stout v. Calver, 6 Mo. 254, 35 Am. Dec. 438, the court held that because the party was surprised by the cause coming on sooner than he expected, was no ground for a new trial, the court saying: "if new trials are to be granted for such reasons as this, trial becomes a farce and consequently all proceedings to obtain a judgment become mere nullities." In the case of Union Brewing Co. v. Cooper, 15 Colo. App. 65, 60 Pac. 946, a motion was made to set the judgment aside and grant a new trial. It was held that a court may set a cause for trial solely on its own motion and without notice to the parties, there being no statutory provisions governing such actions. The court, among other things, said:

"There were no facts set forth in the affidavits or in any of them, showing any mistake or excusable inadvertence. They went simply and solely to the extent that defendant had no notice nor knowledge that the cause would be taken up for trial on February 4th. No valid or real reason or excuse was given for want of such knowledge, the defendant apparently relying upon want of notice that the case would be called and a day set for its trial."

In the case of Baker v. Hunt & Co., 66 Okla. 42; 166 Pac. 891, it was held that it is not sufficient ground upon which to vacate a judgment that the plaintiffs or their attorneys of record were not notified by the court clerk of the time that the case was set for trial. The court said:

"The plaintiffs in error knew that the case was pending in the county court and had been for some time, and it was their duty to use reasonable diligence to ascertain

when the case was set for trial. Neither the petition nor the evidence introduced discloses any efforts on the part of the plaintiffs in error, to ascertain the date on which the cause had been set for trial. The only excuse they offer is that neither the defendants nor their attorneys were notified by the court clerk that the cause had been set for trial on the 22nd day of January, 1915. The question has been thoroughly settled in this jurisdiction."

In the case of Tracy v. State, 60 Okla. 109, 159 Pac. 496, the court said:

"The only ground upon which the motion to vacate the judgment is predicated, is that neither Mat Wolf nor his attorney, had notice of the setting of the case for trial, which, in our opinion, is not a sufficient ground upon which to vacate the judgment rendered. * * * There is no law of this state that requires that attorneys or their clients be notified of the setting of the time for trial. It is the duty of any attorney to be diligent and ascertain when his case is set for trial."

In the case of Avery Co. v. Seeley, 110 Kan. 590, 204 Pac. 731, the syllabus is as follows:

"Where the losing party in a case tried in the district court files and submits a motion for a new trial which is taken under advisement without any definite time being fixed for its decision, and some weeks later is overruled, the fact that such party does not learn of the ruling for more than six months afterwards and therefore loses his right to appeal therefrom, does not entitle him to have the judgment and ruling on the motion set aside by the trial court, on petition showing these facts, although it also appears that it was the practice of the court to see that the parties were notified of such rulings. * * *"

The court said among other things:

"There was no mistake, neglect or omission of the clerk, nor was there any irregularity in obtaining either the judgment or the order overruling the motion for a new trial; the plaintiff's complaint is merely that he was not notified of the ruling. * * * If the plaintiff is entitled to relief * * * it must be for unavoidable casualty or misfortune, preventing the party from prosecuting or defending;"

See also Cooley v. Sapp, 90 Okla. 139, 216 Pac. 454.

In the case at bar, it is not suggested, and there is nothing in the record to indicate, that the case was not regularly on the calendar, or that the court acted oppressively. Even if it were true—which is not shown to be so—that the case was taken up and final judgment rendered therein before it regularly stood for trial, that would not avail the defendant in error, since the motion to vacate was not made within the first three days of the succeeding term, as is required in such cases under the provisions of Sec. 5923, W. C. S. 1920. The judgment was not entered until fourteen months after State v. Burns, supra, by reason of which the case was delayed, had been finally decided in this court. For five months more Cook or his counsel, though one of them had his office in the court house, did not find out about the judgment. It is clear that they did not attend court, did not watch their case and paid very little attention to it. The party wishing to amend or plead over when a demurrer is overruled must make a motion or offer to that effect, in default of which he cannot object to final judgment going against him. 31 Cyc. 357. This would be particularly true under our statute, section 5706 W. C. S. 1920, which provides that in such case the party who demurred may answer or reply, "if the court is satisfied that he has a meritorious claim or defense, and did not demur for delay." Manley v. Hunt, 1 Ohio 258. But

Cook, the country treasurer and their counsel were not there and did not ask to plead over. Default was entered against them and they were not present to object. It can hardly be claimed that they observed the rule mentioned in Lindsey v. Goodman, supra, as follows:

"Better by far to prepare the legal conflict on the theory of utter loss and ruin and to stand firm and solid on the battlefield 'from early morn til noon, and from noon till dewy eve', with all eyes alert, and all hands on the guns stubbornly contesting every inch of the ground, keeping in mind the while the old adage 'That the race is not to the strong but to the vigilant."

It is apparent from the foregoing authorities that there was no irregularity in entering the judgment of July 23, 1919. Hence the only relief, if any, to which John W. Cook was entitled, would have been on account of unavoidable casualty or misfortune preventing a party from prosecuting or defending—a ground mentioned in subdivision 7, section 5923, supra, for opening or vacating a judgment. Avery Co. v. Seeley, supra, Carter v. Grimmett, 89 Okla. 37, 213 Pac. 732; and see the many illustrations given in 34 C. J. on pages 307 to 310, and Hayne, supra, section 76. But in order to obtain relief upon that ground, it was necessary, in accordance with section 5927, supra, to file a petition in the form required by statute and have a summons issued and served as in the commencement of an action. This was not done. No authority, therefore, existed to open up or vacate the judgment of July 23, 1919, and hence the orders of June 2, 1920, and June 18, 1920, were null and void. Parrott v. District Court, 20 Wyo. 494, 126 Pac. 45; Schlieve v. Pool, 43 O. C. C. R. 31.

2. It is, however, contended by defendant in error, that the judgment of June 18, 1920, cannot be attacked collaterally, and we are cited to Reynolds v. Stansbury, 20 Ohio 344, 55 Am. Dec. 459, and other authorities. The authori-

ties are not in point. Where it affirmatively appears on the face of the record that a judgment is void, it may always be attacked collaterally or otherwise. 34 C. J. 528 to 530. The application made to open and vacate the judgment of July 23, 1919, takes the place of a petition in other cases, and is, we think, a part of the record. The judgments of June 2, 1920 and June 18, 1920, are based upon it. Hence the face of the record shows that there was no jurisdiction to open up and vacate the former judgment. In any event, the facts fully appear in the record before us and were admitted to be the facts in the case. In Hill v. City Cab & Transfer Co., 79 Cal. 188, 21 Pac. 128, the court speaking of the rule of a collateral attack says as follows:

"But this rule is not that a judgment which is void, will be enforced as if it were valid, but that it can not be shown to be void, except in certain ways. If the party, however, should admit the facts which show the judgment to be void, or if he should allow them to be established without opposition, then as a question of law, upon such facts, we do not see why the case is not like that where a judgment is void upon its face."

To the same effect see 34 C. J. 531, Akley v. Bassett, 189 Cal. 446, 209 Pac. 576, People v. Harrison, 107 Cal. 541, 40 Pac. 956, Lake v. Bonynge, 161 Cal. 120, 118 Pac. 535.

It follows, from what we have said, that the judgment of July 23, 1919, is still a valid and subsisting judgment; that both the judgments of June 2 and June 18, 1920, setting the former judgment aside, are null and void. Hence the tax deed issued to John W. Cook in pursuance of the latter judgment, is also void, and no good purpose would be subserved by sending the case back for a new trial.

The judgment of the district court in the present action must accordingly be reversed, and remanded with direction to vacate the former judgment herein and to enter judgment in favor of Ray Boulter and to grant him such affirmative relief as he may be entitled to under the pleadings and in accordance with the views herein expressed. It is accordingly so ordered.

POTTER, C. J., and KIMBALL, J., concur.

ON PETITION FOR REHEARING

BLUME, Justice.

We held in the original opinion herein that the judgment of July 23rd, 1919 could not be opened pursuant to motion and notice thereof served upon the attorney of record, for the reason that the proceedings to open said judgment disclose that they were not based on any irregularity contemplated in subdivision 3 of section 5923, W. C. S. 1920, and that whatever relief might have been granted was under subdivision 7 of the same section, in which case a petition must be filed and a summons must be issued and served as in the commencement of an action, which was not done in this case. Counsel for respondent argue that the court, when it entered its orders of June 2 and 18, 1920, opening up said judgment and proceeding to hear the case anew, had jurisdiction to open up and vacate judgments; that jurisdiction is the power to decide, rightly or wrongly; that in this case the court determined that the case before it was one involving an irregularity contemplated by subdivision 3 aforesaid, and that this decision is final in a collateral attack, as in this case, though such decision was wrong. The argument is specious but unsound. The line between jurisdiction and want thereof, is, it is true, sometimes shadowy. But the court cannot create its own jurisdiction. There must in any event always be some foundation upon which to rear a superstructure. The court cannot create the foundation by judicial fiat. It cannot declare white to be black, or black to be white; it cannot declare that a summons has

been issued, when the facts are otherwise; it cannot say that a petition has been filed, when that is not in fact true. While the court must necessarily decide in the first instance whether it has jurisdiction or not, its decision that it has, when none in fact exists, and that fact appears of record, is of no avail. If that were not so, no judgment could ever be attacked collaterally, no matter how glaringly the face of the record would show such want of jurisdiction. The power of a court to open up judgments after the term, is, except in cases when a common law remedy may be applicable, derived from the statute. That statute (sec. 5923 W. C. S. 1920 etc.,), gives the court power to open up a judgment for *irregularity* when a motion is filed and notice thereof is given. It gives the court power to open up judgments for accidents, mistake etc. only after a petition is filed and summons is issued and served. Counsel would evidently have us believe that in no case is a petition or summons necessary, (when the proceeding is attacked collaterally) if only the court decides that it is not the kind of a case that requires them. That surely cannot be true, and we do not believe that any court would so hold. In the case at bar the face of the proceedings show that the motion aforesaid was not based upon an irregularity as contemplated by subdivision 3 of section 5923, W. C. S. 1920 aforesaid, and the trial court's decision to the contrary could not change that fact.

The judgment of July 23, 1919 accordingly could not be opened pursuant to motion and notice of the motion served upon the attorney of record. If that judgment could be opened at all, it should have been done by taking the steps mentioned in section 5927, which provide for the filing of a petition and for the issuance of a summons to be served as in the commencement of an action. Counsel argue and cite many cases to the effect that a defective declaration or complaint does not deprive the court of jurisdiction to act in and determine the matter. We need not decide as to whether or not the motion in this case might have been con-

sidered a petition sufficient to give the court jurisdiction of the subject matter. But no summons was issued and none was served upon Boulter. Not even notice of the motion referred to was served upon him, and he made no appearance to the proceedings. Hence even though the court had jurisdiction of the subject matter, it had no jurisdiction of the person of Boulter—a fact which counsel has entirely overlooked and ignored in his argument. Hence the orders of June 2 and June 18, 1920 must necessarily be void for want of jurisdiction of the person.

It would not do to hold that the notice of the motion served upon the attorney in the former case, is equivalent to the service of summons upon Boulter himself. We think it entirely probable that if the statute had been complied with and a summons been properly issued and served upon Boulter, he would have appeared and have sought to protect his rights. From aught that appears, he had no knowledge whatever of the proceedings seeking to set the judgment of July 23, 1919 aside. The attorney of record may have considered that his services were no longer necessary or desired and in the absence of a statute, in any event, we cannot hold that notice to him is binding upon a party to the action, and the equivalent of the service of summons upon the latter. The proceedings sought to deprive Boulter of valuable rights, of probably substantially all of the property that he had. Certainly, prudence would have suggested that he was entitled to the notice required by law. Counsel, who then acted in the case (not the present counsel for respondent), had notice of the motion aforesaid served upon the Rock Springs National Bank, a co-party of Boulter's, but for some unknown reason even that notice was not deemed necessary or desirable to be served upon Boulter. However that may be, the latter was, by the orders of June 2 and June 18, 1920, deprived of his property without the notice required by law, and so far as the record indicates, without any knowledge of these proceedings. And

to deprive him of his property in that manner would be the grossest injustice and not in accordance with due process of law.

The petition for rehearing herein must accordingly be denied, and it is so ordered.

POTTER, C. J., and KIMBALL, J., concur.