(April Term, 1941)

HOME OWNERS' LOAN CORPORATION v.
DIEFENDERFER ET AL.

(No. 2164; April 22, 1941; 112 Pac. (2d) 563)

14

For the appellants, there was a brief by *R. G. Diefenderfer* and *John F. Raper* of Sheridan, and oral argument by *Mr. Diefenderfer.*

For the respondent, the cause was submitted on the brief of *John W. Songer* of Sheridan.

**PER CURIAM:**

This is an appeal from a judgment of the district court of Sheridan County in favor of the Home Owners Loan Corporation, plaintiff in that court, hereinafter generally referred to as "H. O. L. C.", and against R. G. Diefenderfer et al., the defendants in said court, who will usually be mentioned subsequently as the "appellants", or when convenience so dictates the litigants will be referred to as the "plaintiff" and "Defendants", respectively. The cause was submitted to the trial court for determination both upon the pleadings, consisting of the petition of the H. O. L. C., the answer of the defendants, the reply of the plaintiff, and upon a set of agreed facts stipulated by the parties to the litigation. The pleadings may be briefly outlined as follows:

The petition was one in usual form of commencing an ejectment action. It sought to recover possession of certain property described, which was located in the City of Sheridan, Wyoming, together with damages

in the form of rental value thereof, at a specified rate per month from January 2, 1939.

The defendants' answer for a first defense admitted that the H. O. L. C. was a corporation created by an Act of Congress, and denied all other allegations contained in plaintiff's pleading. For a second defense said answer admitted and denied the allegations of the petition as in its first defense set forth, and in the second paragraph of said second defense of its answer averred that defendants are the owners and rightfully in possession of the real property described in plaintiff's petition, and that "plaintiff claims to be the owner of said real property, and entitled to the possession thereof, solely under and by virtue of a certain pretended Deed to said real property made, executed and delivered to said plaintiff by Wm. T. Harwood, then Sheriff of Sheridan County, Wyoming, on or about January 13, 1939." Paragraphs 3 and 4 of said second defense alleged verbatim:

"3. That the said Deed was so made, executed and delivered under and by reason of a pretended sale of said real property, assumed to be conducted by the said Sheriff on April 2, 1938, by virtue of a Decree of Foreclosure entered in the District Court for Sheridan County, Wyoming, on the 2nd day of February, 1938, in Civil Cause No. 6764 then and there pending therein, in which cause the above named plaintiff was the plaintiff and the above named defendants were the defendants; that said pretended sale was wholly void, and the said Sheriff was without authority to conduct the same or to sell the said real property, because the said sale had not been previously advertised for the space of four consecutive weeks, as required by Section 89-2965, R. S. Wyoming, 1931, which said statute was then and there in full force and effect."

"4. That a so-called and pretended notice of such sale was prepared by the attorney for the plaintiff in such proceeding and was published by the plaintiff in the Sheridan Press, a qualified newspaper, in its regular issues of March 10, 17, 24 and 31, 1938, in which

so-called and pretended notice the time of sale of said real property, under said Decree of Foreclosure, was stated to be at 10 o'clock A. M. on April 2, 1938; that the name of the said Sheriff appeared as a party signatory to said notice, in the publications thereof, but that in truth and in fact, he had not signed the same and had no part in the preparation and publication thereof, which was done solely by said plaintiff and was paid for by it."

In Paragraph 5 of defendants' answer it was alleged in substance that no other notice of sale had been previously published, and that the pretended sale was held by said Sheriff solely under the pretended authority of the notice aforesaid as thus published.

Paragraph 6 of said answer charged that by reason of the facts thus pleaded the pretended sale had not been previously advertised for the "space of four consecutive weeks", as required by Section 89-2965 W. R. S., 1931, and that notwithstanding this fact the Sheriff held the sale at the time fixed in the notice aforesaid and undertook to sell said property, and that plaintiff making the only bid therefor, the officer assumed to sell the property above mentioned to plaintiff and had issued a certificate of purchase "as provided by law" and thereafter executed and delivered to the H. O. L. C. the Sheriff's Deed hereinbefore mentioned, under which plaintiff claims title to and right to possession of said real estate.

The subsequent Paragraph 7 of defendants' pleading avers in substance that the Sheriff made a return of the sale, setting out his proceedings under the aforesaid foreclosure decree, and on April 5, 1938, the district court aforesaid, assumed by his order to confirm said sale and the proceedings antecedent thereto; that defendants had no notice that the matter would be presented to the court for confirmation, and they had no opportunity to resist such confirmation, which was wholly void because the laws of Wyoming do not au-

thorize any confirmation order in proceedings of this character, and also no opportunity was accorded the defendants to resist such confirmation, and further because the sale was void and could not lawfully be confirmed.

Paragraph 8 asserts that the H. O. L. C. does not own the legal title to said property and does not have any right to possession thereof or to its rents and profits.

The prayer of the answer was that plaintiff's petition be dismissed and that defendants be adjudged to "go hence without day", and that the legal title and right to possession of said property be adjudged in them.

Plaintiff's reply by its admissions and denials undertook to put in issue the allegations of defendants' answer alleging the illegality of the published notice as pleaded in the answer of the H. O. L. C.

Summarized the agreed statement of facts upon which the case was tried may be stated as follows: On December 22, 1937, the H. O. L. C. commenced an action in the district court of Sheridan County, Wyoming, to foreclose a mortgage upon the property mentioned above and against the same defendants as in the case at bar. The defendants in the foreclosure action accepted service therein, but filed no pleading, and "became in default". Accordingly, the court entered a judgment of foreclosure against said defendants and ordered the said property sold by the Sheriff of Sheridan County as upon execution to satisfy the judgment thus given and costs. Pursuant to this judgment and order of sale a notice of sale was published in the Sheridan Press, a qualified newspaper at Sheridan, Wyoming, on March 10, 17, 24 and 31, 1938, advertising said sale to be held on April 2, 1938. On that date, the Sheriff above mentioned conducted the sale as advertised, and, there being no other bid submitted,

struck off and sold the property aforesaid to the H. O. L. C. The officer then issued to the purchaser the usual certificate of sale of said premises and recorded a duplicate in the County Clerk's Office of Sheridan County. The Sheriff immediately after the sale thus had made a return thereof, showing his proceedings under the order directing this sale. On April 5, 1938, the court confirmed said sale made as aforesaid. Defendants had no notice that an order of confirmation would be sought and only learned of it afterwards. No redemption of the mortgaged property from said sale was undertaken to be made by the defendants or any one else. The successor of the sheriff who sold the property under the notice as published aforesaid, issued to the H. O. L. C. in due time a sheriff's deed for the property so sold, which deed, dated January 13, 1939, was duly recorded in the County Clerk's office of Sheridan County, Wyoming. No conveyance of the premises involved has since been made. The defendants have resided upon the real estate, disposed of as described above, prior to and continuously since the case at bar was commenced, and notwithstanding the H. O. L. C. has obtained a deed, as above described, and demanded possession of the property, defendants declined to surrender same, so that the present litigation was obliged to be instituted. The closing paragraphs of the stipulation of the parties to the instant litigation, to quote verbatim from the agreed statement of facts, are that:

"The points in controversy, and which the Court is asked to decide and to render judgment accordingly, are:

"Was the said notice of sale on mortgage foreclosure, which is set out in full above, advertised for a sufficient length of time previous to the sale held on the 2nd day of April, 1938? And was the sale of said premises made by said Sheriff, pursuant to said advertised notice, valid?"

The contention of the defendants is that the provisions of Section 89-2965 W. R. S. 1931, were disregarded. That section, so far as pertinent here, reads:

"No lands or tenements shall be sold by virtue of any execution or decree of foreclosure, unless such sale shall be at public vendue, and between the hours of ten o'clock in the forenoon and five o'clock in the afternoon of the same day; nor unless the time and place of holding such sale shall have been previously advertised for the space of four consecutive weeks, by publishing notices of the time and place thereof in some daily or weekly newspaper printed and published in the county where such lands and tenements are situate; or if there be no such newspaper printed and published in the county, by posting such notices, printed or written or partly printed and written, in three of the most public places in the county where the lands may be situate."

The point advanced for the defendants is that the statute requires publication so that full twenty-eight days shall elapse before the sale may lawfully be held. This might well be so and the argument of counsel for appellants might properly prevail if the cited statute stood alone in the statutory law of this state. But as pointed out in Hay v. Hudson, 31 Wyo. 150, 224 P. 840, it does not stand alone. In the case last mentioned it was held that under the Compiled Statutes of 1920, Section 4701, where the portion of that statute under consideration read:

"Notice that such mortgage or conveyance will be foreclosed by a sale of the mortgaged property or some part thereof, shall be given by an advertisement published in any regular issue of any newspaper of general circulation published in the county in which such sale shall take place, not less than once a week, for three successive weeks; * * * *"

(See Section 71-117 W. R. S. 1931) and the notice of foreclosure in that case and under attack was published October 19th, 26th and November 2nd and the

foreclosure sale under the chattel mortgage involved was set for November 3rd, only fifteen days after the first publication, the law was satisfied. This was said because of the provisions of Section 5703, Compiled Statutes, 1920, which were carried forward into the 1931 revision of our Statutes as Section 89-1059. The pertinent portion of that Section reads:

"In all cases where under the laws a notice is required or permitted to be published for a number of weeks specified, it shall be sufficient that the publication be made once each week for the number of issues corresponding to the number of weeks from which such publication is required to be made; provided, however, that not more than fifteen days shall intervene between the date of the last publication and the time set for the intended hearing, action, sale or other proceeding or act."

This Section was held to govern, though without it, as the opinion in the Hay case shows, there might have been considerable difficulty in reaching a proper conclusion in view of the conflict in the cases construing language similar to Section 4701, supra. Substantially the same contention, logically speaking, was advanced there as here, viz., that under that statute (Section 4701, supra) "three full weeks or twenty-one days must elapse between the date of the first publication and the date of the sale".

In addition to Section 89-1059, supra, there is also Section 89-1057 W. R. S., 1931, which provides:

"All notices by law directed, authorized or permitted to be made by publication, may be published once each week in a newspaper published once or oftener than once each week during the period of time in and for which such notices are required by law to be published, and all such weekly publications made in a newspaper issued more than once each week shall be published in the same issue in each succeeding week for the required period of publication."

When the terms of either or both of Sections 89-1057 and 89-1059 are read in connection with the requirements of Section 89-2965, we are obliged to conclude that the same result must be reached in this case as in the Hay case, supra, and that the publication in question was sufficient. Both the sections last above referred to are all inclusive, Section 89-1057 prescribing that, "All notices by law directed, authorized or permitted to be made by publication, may be published once each week * * * * during the period of time in and for which such notices are required * * * to be published," etc., and Section 89-1059 stating, *"In all* cases where under the laws a notice is required * * * to be *published for a number of weeks specified"* a publication made once each week "for the number of issues corresponding to the number of weeks from (for) which such publication is required to be made" shall be regarded as *"sufficient"*. (Italics supplied to especially indicate the portions of the statute we wish at this time to emphasize.) These statutes indicate no exclusions or exceptions so far as their application is concerned. Tested by the words used by both of these sections of the statutes the publication drawn in question here was "sufficient". It was published once each week for four weeks, and it is clear, of course that Section 89-2965, supra, specifies, i. e., names that number of weeks for making a proper publication. That Section 89-2965, supra, uses the words "for the space of" does not make these two sections (89-1057 and 89-1059, aforesaid) any less applicable than if, as in the Hay case, it read merely "for" and was construed to mean "during the period of", as some courts have decided.

It is to be noted also that nothing is said in these two sections (89-1057 and 89-1059, supra) about requiring a full week, or any particular time to elapse before the sale or other proceeding or act of which

notice is undertaken to be given may be performed. On the contrary, as clearly pointed out in the Hay case, the proviso that "not more than fifteen days shall intervene between the date of the last publication and the time set for the intended hearing, action, *sale* or other proceeding or act", demonstrates that "the legislature considered the question of the time that should elapse between the date of the last publication and the date of doing the advertised act, and while it carefully guarded against too long an interval it significantly omitted to say that any interval should be too short".

When the statutory history of Sections 89-1057, 89-1059 and 89-2965 W. R. S., 1931, is recalled, it is not difficult to reach the conclusion that the first two sections contain the latest expression of the legislative will upon the general subject of publication of legal notices in this state. Section 89-2965, so far as the clause in which we are at present interested is concerned, was first enacted as a part of Section 1 of Chapter 95 of the Session Laws of Wyoming for 1895. The other two sections (89-1057 and 89-1059) appear in our law for the first time as Section 1 and Section 3 of Chapter 30, Session Laws of Wyoming, for the year 1909. This being so, it is evident that they both are to be regarded as not only supplementing, but also as controlling the interpretation of the provisions of Section 89-2965.

The fact is, as the older members of the profession in this State will well recall, that Chapter 30 of the Session Laws of Wyoming for 1909 was enacted to accomplish, among others, at least two highly desirable results. One of these was to make uniform the practice of publication of legal notices; and the second was to avoid the delay and expense incident to an extra publication of legal notices which many practitioners felt was really necessary in view of the rather confused state of our laws touching such matters, especially

when they were examined in the light of conflicting rulings of other appellate courts relative to statutes having similar language and which they were called upon to construe.

Finally it may be said that when another interpretation is reasonably available which tends to confirm and strengthen them, we are disinclined to adopt any interpretation of Section 89-2965 which might contrariwise tend to shake the stability of judicial sales and land titles resulting therefrom, upon which the people of this State have relied over a period of years.

Something is said in appellants' brief in criticism of the order of confirmation made by the district court of Sheridan County in this matter. It is apparent, however, from the record before us that this question was not submitted to the district court for its determination, the parties agreeing that the point hereinbefore somewhat at length discussed was the only one the trial court was "asked to decide". Perhaps, however, we may in this connection properly and additionally remind appellants that this court, quoting from the Kansas case of Masters v. McHolland, 12 Kan. 17, 25, has employed in the case of Boulter v. Cook, 32 Wyo. 461, 469, 234 P. 1101, the following language:

" 'Every one having a matter in litigation before any tribunal, court or county board, must, in order to protect his rights, be present at every session at which the controversy may be determined, until there is a final disposition. He stays away at his peril; and if during his absence the matter is disposed of he can blame no one but himself. This in many cases is a great hardship. Many a suitor in the courts has felt it so, yet no remedy therefor has as yet been devised.' "

See also Bank of Commerce v. Williams, 52 Wyo. 1, 28, 69 P. (2d) 525.

The judgment of the district court of Sheridan County will accordingly be affirmed.

*Affirmed.*