[S. F. No. 10355. In Bank.—August 18, 1922.]

FRANCIS E. AGNEW, Petitioner, v. EDWIN M. DAUGHERTY, Commissioner, etc., Respondent.

[1] CORPORATE SECURITIES ACT—"INTERESTS" IN MINING LEASE AND OPTION—"SECURITIES."—"Interests" in a lease and option of mining property evidenced by certificates each representing 1/3000ths part of the property and of the assets of a trust under which the property is to be operated, are "securities" as that term is defined in the Corporate Securities Act (Stats. 1917, p. 673), and a sale or issuance thereof without a permit as provided by the act is unlawful.

[2] ID.—ISSUANCE OF PERMITS—TERMS AND CONDITIONS OF SALE OF SECURITIES—POWER OF COMMISSIONER.—The provision of the Corporate Securities Act which allows the commissioner of corporations to issue a permit authorizing the applicant to sell his securities "upon such terms and conditions as the commissioner may in said permit provide," must be read in connection with the context which provides that the commissioner must inquire into the method of doing business and shall ascertain if the same is fair, just and equitable and that the methods used in disposing of them would not work a fraud upon the purchaser thereof, and it cannot be assumed in advance that such official will act arbitrarily and impose inequitable conditions.

APPLICATION for a Writ of Prohibition to restrain interference with sale of trust certificates. Denied.

The facts are stated in the opinion of the court.

Westervelt & Ball for Petitioner.

SHAW, C. J.—The applicant has filed a petition for a writ of prohibition directed to Edwin M. Daugherty, Commissioner of Corporations of the State of California, to prohibit and enjoin him from proceeding in the matter of the trust, described in the petition, and to require the petitioner to discontinue the sale or negotiation of the trust certificates and other securities mentioned in the trust set forth in the petition, until he has received a certificate of the corporation commissioner authorizing him to do so.

The petition sets forth that he has acquired a lease and option of certain mining property and that he has conveyed

the same to certain persons as trustees under a contract in writing with them defining the trust.

The terms of the trust are not set forth, as such, but in his declaration, which is made a part of his petition, he states that he has created a trust, designating it as the "La Plata Smelting Company," and has appointed William H. Test, H. E. Williams and W. C. Randall as trustees thereof, and has empowered them as such trustees to receive all payments that may be due to him for interests in the lease, and to hold the same and all funds received from the sale of the product or the operation of said lease, as a trust fund for the holders of the several interest certificates, and disburse, use and manage the same as such trustees.

When they have received a sufficient amount from the sale of interests they shall start operations, including the work and development of the mines on the property. The "interests" are 3000 in number. When 1500, or so many of that number as may be necessary, are sold he is to execute to the said trustees a proper assignment of said lease. The remaining 1500 of the "interests" are to be retained, and the petitioner reserves the right to hold them for himself and his associates as a consideration for the transfer of the property to be conveyed in trust, namely, of the lease and option aforesaid. Share certificates conveying to the holder thereof 1/3000ths part of the said property and assets of said trust are to be issued by the petitioner to each purchaser of an "interest" and they shall have equal rights to the profits of the enterprise and are to be entitled to equal benefits therein. Certificates may be transferred only upon the books of the said Agnew until enough of the "interests" are sold to justify him in conveying to said trustees the lease and options and the proper license to operate under certain letters patent in connection with said lease. Thereafter the trustees agree to keep such transfer books.

All this is set forth in his declaration. He proposes to begin the sale of such "interests" at once, and a form is set forth of the terms of the sale proposed to be made, embodying all the preceding provisions of the trust.

[1] The commissioner of corporations, it is alleged, is interfering with his business, and has informed him that the

certificates of interest issued by him are "securities" as that term is defined in the "Corporate Securities Act" (Stats. 1917, p. 673 and amendments thereto (Stats. 1921, p. 1114), that a sale or issuance thereof without having a permit to do so, as provided in the act, is a public offense punishable by fine and imprisonment, and has demanded that he apply for such permit before proceeding further.

It will be seen from the foregoing that the commissioner of corporations is right in his contention. The certificates of interest which he proposes to issue under his trust scheme are "securities" within the meaning of the Corporate Securities Act. "The singular number includes the plural, and the plural the singular," according to the opening clause of section 2 of the act, and so the fact that the assignor, so called, namely, Mr. Agnew, is the person who alone is to issue and sell the "interests" is of no moment. Their effect is the same as if they were issued and sold by trustees consisting of two or more. The terms of the trust are to govern the rights of the holder in all cases. They are much the same as the "unit shares" or "unit interests" that were to be sold under the scheme set forth in the case of *In re Girard*, 186 Cal. 722 [200 Pac. 593], which were held to be subject to the same law. All the objections to the validity of the law urged by the petitioner here were considered and determined in that case to be without merit, except the following, namely, that said act allows the commissioner to issue a permit by the following clause:

"If he finds that the proposed plan of business of the applicant is not unfair, unjust or inequitable, that it intends to fairly and honestly transact its business, and that the securities that it proposes to issue and the methods to be used by it in issuing or disposing of them are not such as, in his opinion, will work a fraud upon the purchaser thereof, the commissioner shall issue to the applicant a permit authorizing it to issue and dispose of securities, as therein provided, in this state, in such amounts and for such considerations and upon such terms and conditions as the commissioner may in said permit provide. Otherwise he shall deny the application and refuse such permit and notify the applicant in writing of his decision."

[2] He claims that this gives power to the commissioner to act arbitrarily and authorizes him to deny the applicant

the equal protection of the law contrary to the fourteenth amendment to the constitution of the United States and to section 11, article I, of our constitution, requiring that "All laws of a general nature shall have a uniform operation."

The passage in the above quotation from the statute which allows the commissioner to issue a permit authorizing the applicant to sell his securities "upon such terms and conditions as the commissioner may in said permit provide" must be read in connection with the context, which provides that the commissioner must inquire into the method of doing business and shall ascertain if the same is fair, just and equitable and that the methods used in disposing of them would not work a fraud upon the purchasers thereof. The terms and conditions to be prescribed in the permit must not be such as would make a greater burden than is consistent with safety and security. The condition imposed must be such as could fairly be said to be necessary to accomplish that purpose. If the commissioner should refuse to issue a permit except upon conditions which would be unjust, unfair or inequitable to the applicant, doubtless he would have the right to have such permit revised and reformed so as to make it equitable and fair, but we cannot assume that he will impose such conditions in advance of his action. He is proposing now to proceed in accordance with the law, and until he has exceeded his powers it is not proper for this court to interfere with him in performing them. The law is designed to secure fair dealing on the part of those who propose to sell corporate securities, and it should be observed by all who come within its terms. We think the petitioner is one of those who are to be controlled by the provision of the act.

The petition is denied.

Waste, J., Myers, J., *pro tem.*, Lennon, J., and Richards, J., *pro tem.*, concurred.