[Civ. No. 3225.   Third Appellate District.—December 3, 1926.]

BASALT ROCK COMPANY, INC. (a Corporation), Peti-
tioner, v. CLIFFORD J. MacMILLAN, as Commissioner
of Corporations, etc., Respondent.

[1] CORPORATIONS—PERMIT TO SELL STOCK—CONDITION PRECEDENT.—
A provision in a permit issued by the Commissioner of Corpora-
tions that the "permit shall not become effective for any pur-
pose unless and until all certificates purporting to represent any
of the shares of stock issued without authority from the Com-
missioner of Corporations, or in nonconformity with the terms"
of a prior permit "shall be returned to the secretary of said
applicant and canceled," is not a condition governing the sale
of stock under the permit, but a condition upon the performance
of which the permit itself shall become effective.

[2] ID. — ILLEGALLY ISSUED STOCK — CONSIDERATION — CERTIORARI —
PARTIES.—In a proceeding in *certiorari* to review an order of the
Commissioner of Corporations requiring a corporation to bring
about the surrender and cancellation of stock illegally issued as
a condition precedent to the making of further sales, the court
cannot determine a disputed question of fact as to whether or
not any valid or legal consideration was given for the alleged
illegal issuance of certain outstanding stock, the holders of such
stock not being parties to the proceeding.

[3] ID.—LEGALITY OF STOCK—VALUE OF NEW STOCK—DISCRETION OF
COMMISSIONER. — If a corporation has incurred an enforceable
liability to the holders of certain stock alleged to have been
illegally issued, such liability affects the value of further stock

3. Blue sky laws, notes, 15 A. L. R. 262; 24 A. L. R. 523; 27
A. L. R. 1169; 30 A. L. R. 1331; 40 A. L. R. 1014.

which the corporation desires to sell; and, under section 4 of the Corporate Securities Act, the Commissioner of Corporations may, in his discretion, require the corporation to clear up the question of such liability before the permit to sell further stock shall become effective.

[4] ID. — ABUSE OF DISCRETION — CERTIORARI. — Under section 11 of the Corporate Securities Act, the court is limited to a consideration and determination of the question whether there has been an abuse of discretion on the part of the Commissioner.

(1) 37 C. J., p. 272, n. 66.    (2) 37 C. J., p. 272, n. 66.    (3) 37 C. J., p. 272, n. 66.    (4) 37 C. J., p. 272, n. 66.

PROCEEDING in Certiorari to review an order of the Commissioner of Corporations.    Order affirmed.

The facts are stated in the opinion of the court.

Clarence N. Riggins for Petitioner.

U. S. Webb, Attorney-General, and Thomas H. Christiansen, Deputy Attorney-General, for Respondent.

FINCH, P. J.—This is an original application for a writ of review.

September 26, 1924, the Commissioner of Corporations duly issued a permit, authorizing the petitioner herein to issue and sell a certain number of shares of its capital stock upon conditions specified in the permit. The corporation thereafter sold a large number of such shares of stock in conformity with the terms of the permit and other shares in violation of such terms. For part of the stock illegally sold the corporation received $17,375 in cash, the full par value thereof. The particulars in which the sale of such stock was made in violation of the permit are immaterial to any issue in this proceeding. One of the conditions of the permit was that the stock should be sold at par for cash. The petition alleges that the corporation issued 500 shares of preferred stock to persons named in the petition and that such persons "did not pay or give said corporation any consideration for the issuance of the five hundred shares of preferred stock, . . . either in cash or in property; that the question as to whether they gave any valid or legal con-

sideration for the purported issuance of said purported shares was and is a disputed question of fact; that the petitioner alleges and maintains that said persons gave or paid no consideration to said corporation for the issuance of said purported shares to them, unless it was a usurer's bonus or premium upon a loan which was made to the corporation at the time said purported shares were issued to said persons, and which loan has since been wholly paid and discharged." The corporation thereafter ordered the cancellation of the stock so issued without consideration, but the holders thereof refuse to surrender their certificates of stock for cancellation.

In a petition for an amended permit, filed with the Commissioner in 1926, and in a petition for a rehearing, the foregoing facts are set forth, and it is therein alleged that such illegal sales of stock were made by the directors of the corporation "in ignorance of the law"; that the purchasers of stock illegally issued who paid cash therefor in the total sum of $17,375 have surrendered the certificates issued to them and that the corporation is indebted to them in the sum of $17,375, the purchase price paid by them for the stock; that "petitioner is informed and believes and therefore alleges that all of said persons are willing to buy said stock and pay for the same at par if this commission will permit it to be issued and sold." The final request of the corporation was for a permit authorizing it to issue stock to the persons last named for the respective amounts paid by them for stock illegally issued, "without waiting for the surrender of the void certificates."

[1] The Commissioner thereupon issued a permit for the sale of stock upon conditions, of which no complaint is made. The last paragraph of the permit reads as follows: "That this permit shall not become effective for any purpose unless and until all certificates purporting to represent any of the shares of stock issued without authority from the Commissioner of Corporations, or in non-conformity with the terms of the permit issued September 26th, 1924, shall be returned to the secretary of said applicant and canceled." Section 4 of the Corporate Securities Act provides: "The commissioner may impose conditions requiring the deposit in escrow of securities, the impoundment of the proceeds from the sale

thereof, limiting the expense in connection with the sale thereof and such other conditions as he may deem reasonable and necessary or advisable to insure the disposition of the proceeds of such securities in the manner and for the purpose provided in such permit." (Stats. 1925, p. 966.) Petitioner contends that the Commissioner is not authorized to impose any conditions upon the sale of stock other than those specified in section 4, and that therefore the last paragraph of the permit is void. That paragraph, however, does not purport to specify the conditions governing the sale of stock under the permit, but the condition upon the performance of which the permit itself shall become effective. It is not contended that the Commissioner might not properly have required the corporation to bring about the surrender and cancellation of the stock illegally issued as a condition precedent to the granting of a permit to make further sales, but this is in effect the very thing the Commissioner did.

[2] Petitioner alleges that it is a "disputed question of fact" whether "any valid or legal consideration" was given for the alleged illegal issuance of the stock which has not been surrendered. That "disputed question of fact" cannot be determined in this proceeding, to which the holders of such stock are not parties. [3] If the corporation has incurred an enforceable liability to the holders of that stock, such liability affects the value of the stock which it proposes to sell. The requirement, therefore, that the corporation clear up the question of such liability before the permit shall become effective appears to be a reasonable exercise of the discretion vested in the Commissioner. Section 4 of the act provides that a permit shall not be issued to an applicant unless the Commissioner shall find "that the securities that it proposes to issue and the methods to be used by it in issuing or disposing of them are not such as, in his opinion, will work a fraud upon the purchaser thereof." The par value of the stock which the Commissioner required to be surrendered is more than $10,000. To sell stock to purchasers who are in ignorance of this outstanding liability of the corporation, if it shall finally be determined that it is a liability, would be to work a fraud upon them. [4] By section 11 of the act the court is "limited to a consideration and determination of the question whether there has been an

abuse of discretion on the part of the commissioner.'' No such abuse has been shown. (*Doble Steam Motors Corp.* v. *Daugherty*, 195 Cal. 158 [232 Pac. 140]; *Agnew* v. *Daugherty*, 189 Cal. 446 [209 Pac. 34].)

The order of the Commissioner issuing the permit upon the conditions specified therein is affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 31, 1927.