JOHN HAUGHTON *et al., Appellants,* v. W. J. BILSON, *as County Surveyor, etc., et al., Appellees.*

No. 16,875.

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*Demurrer to Petition—New Evidence—Cumulative—Probative Force.* A demurrer to a petition for a new trial on the ground of newly discovered evidence raises the question whether the new evidence is cumulative, but not whether it is such as would probably change the result, where it is material and competent.

2. —— *New Evidence Not Cumulative.* Upon an issue whether a stone discovered by a surveyor is the same one set in the course of a prior survey, evidence of witnesses who undertake to describe from personal observation the stone so formerly set is not cumulative to the description of the stone given in the notes of such survey.

3. —— *Same.* Newly discovered evidence offered as a ground for a new trial is not rendered cumulative by the fact that evidence of the same character and directed to the same point, but to the opposite effect, was introduced at the trial by the successful party.

Appeal from Greenwood district court. Opinion filed February 11, 1911. Reversed.

*M. M. Suddock,* for the appellants.

*S. F. Wicker, Howard J. Hodgson,* and *Gordon A. Badger,* for the appellees.

The opinion of the court was delivered by

MASON, J.: A survey was had under the statute for the purpose of locating the center of a section. The surveyor decided that a stone monument which he discovered should be regarded as marking such corner, on the theory that it had been set for that purpose in the course of an earlier survey, although it was in fact twenty-two feet west of the true or mathematical cen-

9—84 KAN.

ter.   John Haughton and others appealed from the surveyor's report.   Upon a trial in the district court it was affirmed.   Later Haughton and those having interests in common with him filed a petition for a new trial on the ground of newly discovered evidence.   A demurrer to their petition was sustained and they appeal.

The appellees seek to justify the ruling of the trial court upon two grounds:  (1)  That the newly discovered evidence was merely cumulative; and (2) that the new evidence if received would not with reasonable certainty change the result.   We do not think the question of the probable effect of the new evidence, where it is material and competent and not cumulative, is one to be determined upon a demurrer to the petition.   Whether or not it is cumulative, however, may well be decided in that manner, and such a decision is open to review on appeal.

"No discretion is reposed in the court in determining whether or not evidence is cumulative.   It is a bare legal proposition, which has been a fruitful subject of discussion in the courts for many years."   (*The Town of Manson v. Ware*, 63 Iowa, 345, 349.)

In *Hart v. Brainerd, Exr., et al.*, 68 Conn. 50, a ruling sustaining a demurrer to a petition for a new trial was placed in part upon the ground that the new evidence was not likely to induce a different result, but, as the evidence was held to be purely cumulative, what was said on the other aspect of the matter was obviously dictum.   We do not mean that it is reversible error for a trial judge to refuse to take testimony upon such a petition, where the new evidence in its most favorable aspect could not reasonably be expected to change the result.   If that appeared to be the force of the decision here appealed from we should examine more fully into the probable effect of the new evidence.   But inasmuch as the evidence offered was plainly of considerable importance, and its force depended upon the relative

weight to be given to conflicting testimony, we con-
clude that in sustaining the demurrer the trial court
meant to be understood as holding that the new evi-
dence was · unavailing because it was cumulative to
that already heard.

At the trial the successful parties introduced. wit-
nesses who testified to personal knowledge that the
stone adopted by the later surveyor was in fact the
one set by the earlier surveyor, and that it occupied its
original position.   The losing parties produced no wit-
ness who professed to have seen the stone that was set
by the first surveyor.   They relied on the fact that the
notes of the earlier survey described the stone as being
differently marked and of different dimensions from
that discovered by the later surveyor, and upon evi-
dence that at certain times between the two surveys
no stone at all was to be seen at the place where it
was afterward found.   The newly discovered evidence
offered was that of witnesses who had seen the stone
placed by the first surveyor and were able to say from
personal knowledge that it corresponded in size and
marks with the records of the first survey, and not with
the stone subsequently found, and that it was located
practically at the true or mathematical center of the
section, and not where the new survey established the
corner.

This proffered evidence was not cumulative to that
afforded by the notes of the first survey, because while
it was to the same point and effect it was not of the
same kind.   The personal testimony of a witness whose
observation and memory may be tested by cross-exami-
nation is not of the same character as the entry in a
record.   It might be more convincing or less, accord-
ing to circumstances, but it is not evidence of the same
kind in the sense in which the term is used in defining
the test of cumulative evidence.

The proffered evidence was of precisely the same
character, and bore upon precisely the same point, as

some that was introduced at the trial by the successful parties, but it was not cumulative thereto, because it was to the contrary effect. It was not corroborative of the evidence of the prevailing parties, but contradictory. Of course a losing party may not demand a new trial because he has discovered a way in which to contradict his own witnesses. (29 Cyc. 899, note 52.) But if he has been defeated by reason of evidence offered by the adverse party which he has been unable to meet, and afterward discovers witnesses who are able to contradict those of his adversary, his new evidence may not be rejected as cumulative, notwithstanding evidence of the same sort, directed to the same question, was given at the trial. (*The State v. Tyson,* 56 Kan. 686; 29 Cyc. 909, note 82; 29 Cyc. 920, note 8; 3 Encyc. of Ev. 924.)

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.