JOHN HAUGHTON et al., *Appellants*, v. W. J. BILSON, as County Surveyor, etc., et al., *Appellees.*

No. 18,335.

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Newly Discovered Evidence—Matters to be Considered.* When deciding whether or not a petition for a new trial founded upon newly discovered evidence should be granted the court considers the pleadings and all the evidence offered at the trial in connection with the evidence offered in support of the petition for a new trial, and upon the whole case determines whether or not the verdict or decision given at the trial was wrong. (Civ. Code, § 307.)

2. ——— *Same.* When the trial of the action was by the court without a jury an order denying a petition for a new trial based on newly discovered evidence will not be reversed if upon the whole case considered in the manner stated in paragraph 1 the decision is sustained by the evidence.

3. ———*Findings of Fact and Conclusions of Law—Not Necessary.* The court is not obliged, upon request, to state findings of fact and conclusions of law separately when ruling finally upon a petition for a new trial based on newly discovered evidence.

Appeal from Greenwood district court. Opinion filed July 5, 1913. Affirmed.

*M. M. Suddock,* and *O. S. Samuel,* both of Emporia, for the appellants.

*S. F. Wicker,* of Madison, *Gordon A. Badger,* and *Howard J. Hodgson,* both of Eureka, for the appellees.

The opinion of the court was delivered by

BURCH, J.: This litigation originated in an appeal from the report of a survey which located the center of a section of land. The district court sustained the survey. Afterwards a petition for a new trial was filed, on the ground of new evidence discovered too late to be used in support of a motion for a new trial. The district court sustained a demurrer to the petition. On appeal to this court it was held that the ruling was

erroneous and the cause was remanded for further proceedings. (*Haughton v. Bilson,* 84 Kan. 129, 113 Pac. 400.) The district court then heard the evidence offered in support of the petition, the newly discovered portion of which consisted of the oral testimony of two witnesses and the deposition of another. A new trial was denied and this appeal followed.

Section 306 of the civil code provides for an application for a new trial by a written motion, which must be filed within three days after the verdict or decision is rendered unless unavoidably prevented. Section 307 relates to the procedure when the ground of the motion is the exclusion of evidence, want of fair opportunity to produce evidence, or newly discovered evidence. This is a new section added to the code by the revision of 1909. It contains the following provision:

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part, and the new trial shall be only of the issues as to which the verdict or decision appears to be wrong, when such issues are separable." (Civ. Code, § 307.)

Then follows the provision for an application for a new trial by way of petition when the grounds are not discoverable with reasonable diligence in time to be presented by motion. (§ 308.) Very clearly the quoted provision is general in its scope and applies whether the application be by motion or by petition. Under the former practice the question was whether or not the newly discovered evidence was of such strength and character that it probably would have compelled a different decision. (*Sexton v. Lamb,* 27 Kan. 432.) Now the court is required to go further and consider the whole case, including the newly discovered evidence, and determine whether or not the verdict or decision is wrong. It is quite manifest that the legislature did not intend that one course should be pursued when the ap-

plication is by motion and another when the application is by petition.

The original trial was by the court without a jury. There was evidence that the corner in dispute was marked by a stone placed in its present position upon the occasion of a former survey. Besides this, there was evidence that the stone was properly located. Certain measurements so indicated. Permanent improvements had long ago been established with reference to it, the land affected had been bought and sold upon representations by proprietors when the first survey was made that it marked the true corner, and the boundaries depending upon it had long been acquiesced in. At the hearing upon the petition for a new trial all this evidence was reconsidered in the light of the statements of the newly discovered witnesses, and upon the whole case thus made the court passed judgment that the original decision was correct. Under these circumstances the situation is the same as if all the evidence had been heard together at one trial, and the question is whether or not the judgment of the court is sustained by the evidence. The solution of this question is governed by the ordinary rules.

At the hearing on the petition for a new trial a request for findings of fact and conclusions of law separately stated was denied. The provision of the code under which the request was made (§ 297) applies only to trials proper of the issues of fact in the cause itself and not to the determination of the question whether or not the decision upon the trial was wrong and a new trial should be granted.

The judgment of the district court is affirmed.