No. 20,362.

ZELORA ROBERTS, *Appellee*, v. THE CHARLES WOLFF PACKING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Judgment in Lump Sum—Application to Modify Judgment—Statute of Limitations.* Where a lump sum judgment has been rendered under the workmen's compensation act, an application by the defendant to modify it, because subsequent developments show that the impairment of the plaintiff's earning capacity was not so great as found by the jury, is in the nature of a petition for a new trial on the ground of newly discovered evidence, and can not be entertained unless made within one year.

2. SAME—*Time to File Application to Modify Judgment Not Extended by Appellate Proceedings.* Where on appeal such judgment is modified by applying a different method of computation, and as so modified is affirmed, the proceedings in this court do not extend the time within which such application could be made.

3. SAME—*Provision of Workmen's Compensation Act Construed.* The provision of the workmen's compensation act, authorizing a subsequent increase or decrease in the amount allowed, applies only to proceedings based on agreement or arbitration.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed October 7, 1916. Affirmed.

*Adrain F. Sherman, Thad B. Landon,* both of Kansas City, Mo., and *Edwin A. Austin,* of Topeka, for the appellant.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Zelora Roberts on April 14, 1914, recovered a lump sum judgment for $1979.90 against his employer, the Charles Wolff Packing Company, under the workmen's compensation act. On an appeal by the defendant the judgment

was ordered to be reduced to $1928.87, and as so modified was affirmed. (*Roberts v. Packing Co.*, 95 Kan. 723, 149 Pac. 413.) On July 29, 1915, after the mandate had been spread of record and an execution had been issued, the defendant filed in the district court an application to enjoin the enforcement of the judgment and to reduce it to such an amount as would afford the plaintiff compensation up to that time, on the ground that his incapacity had ceased, and that he was able to earn, and was earning and receiving, from $8 to $10 a week, whereas the jury had found that his earning capacity had been permanently reduced to $3 a week; that the plaintiff had refused an offer by the defendant to employ him at $12 a week; and that these facts were developed after the rendition of the judgment, and could not have been presented at the trial. The application was denied, and the defendant appeals.

1. In the application it was alleged "that there was no issue tendered by the pleadings and no evidence produced by either party at the trial as to the extent of his [the plaintiff's] future disability and future earning capacity." That contention was necessarily disposed of by the ruling on the prior appeal and need not be further considered. Upon the hearing of the application evidence was given that the plaintiff had been employed for two months in driving a "jitney," at from $8 to $10 a week, and that he had been offered employment by the defendant as elevator man, at $12 a week, but had refused it. The plaintiff made affidavit that he had been employed at driving a make of car which required the use of but one foot, that he did not know how long that employment would continue, and that the condition of his leg still incapacitated him from any other work that he knew of; that because of his condition he thought himself unable to fill the place offered him by the defendant; and that for various reasons, which he stated, he believed the offer was not made in good faith. The defendant invokes a rule which has been thus stated:

"As a general rule any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself there, but was prevented by fraud or accident unmixed with any fault or negligence in himself or his agents, will authorize a court of equity to enjoin the adverse party from enforcing such judgment." (23 Cyc. 991.)

In a proper case for the application of that principle the precise procedure by which relief is sought is doubtless of little importance. The defendant's application is substantially a petition for a new trial on account of newly discovered evidence which could not have been produced at the trial, relating to the extent of the plaintiff's permanent disability and the resulting diminution of his earning capacity. The new evidence was pertinent to the issue, and was not cumulative. (*Bousman v. Stafford*, 71 Kan. 648, 81 Pac. 184.) It was not so persuasive, however, as to amount to absolute proof that the judgment was unconscionable. The offer of employment under the circumstances was not entitled to great weight. (Note, L. R. A. 144, 261.) Nor was the circumstance that the plaintiff had been able to procure temporary work at an exceptional employment, requiring the use of but one leg, at all conclusive of the injustice of the judgment. But in any event the legislature has seen fit to limit to one year the time within which an application may be made for a new trial upon grounds which could not have been discovered before the expiration of the term at which a verdict was rendered. (Civ. Code, § 308.) That limitation may sometimes cause injustice. But the desirability of reaching an absolutely final result at some stage of litigation has been deemed by the legislature a sufficient compensation for any such occasional hardship, and the whole matter is one of legislative policy. The attention of the lawmaking body having been directed to the subject, and the determination having been reached that (in the absence of fraud in its procurement) a judgment should not be reopened for any reinvestigation of the facts after the lapse of a year, the limitation applies without regard to the procedure to which resort is had. In this state statutes of limitation apply to equitable as well as to legal remedies (*Chick and others v. Willetts*, 2 Kan. 384), and "an election between mere statutory forms of procedure does not give a right to extend the statutory period of limitation for the commencement of such procedure" (*Cottrell v. Manlove*, 58 Kan. 405, 409, 49 Pac. 519). The statute, having undertaken to give relief at any time within a year, where facts affecting an issue are developed too late for use at the trial, must be deemed to have attached that limitation to any exercise of the rights referred to, irrespective of the form in

which it is asserted.   (See, also, Note, 54 Am. St. Rep. 227.)

2. On the first appeal the judgment was modified by applying a different rule of computation to the facts as found, and the judgment as so modified was affirmed.  In this situation the time in which a new trial might be asked on account of newly discovered evidence was not extended by reason of the proceedings in this court.

3. It often happens that the amount of a verdict is made to turn upon a present estimate of future conditions, the tribunal trying the matter making use of whatever information is available at the time, and necessarily acting upon its best judgment as to what changes are likely to take place.  Subsequent developments may, in a particular case, show that a mistake has been made in that regard, but this does not warrant the overturning of the judgment.  The fact that the permanent effect of a workman's injury is often doubtful may be a good reason for postponing the time when a judgment awarding compensation therefor shall become final, or for reserving means for varying the amount according to later developments. But that question is one for the legislature.  The present statute makes no distinction in that regard between such a judgment as that here involved and one rendered in any other action for the recovery of money.  If in an action under the present workmen's compensation act the plaintiff recovers on the theory that his disability will cease within a year, and that proves not to be the case, that fact will not enable him to obtain any increase of the judgment.  The statutory provision for a reëxamination by the court of the amount of compensation allowed, by its terms applies only where agreements or awards have been filed with the clerk (Laws 1911, ch. 218, §§ 29, 32), and can not be extended to cover judgments rendered in actions brought without agreement or arbitration, as authorized by a subsequent section of the same act (§ 36).  This was declared on the first appeal of this case.  (*Roberts v. Packing Co.,* 95 Kan. 723, 728, 149 Pac. 413.  See, also, in this connection, Note, L. R. A. 1916 A, 172, ¶ 45.)   Moreover, the right referred to of asking a modification of the amount is required to be exercised, if at all, within one year.

The judgment is affirmed.