No. 23,989.

THE AVERY COMPANY, *Appellant*, v. C. M. SEELEY and THE WEST MOTOR CAR COMPANY, *Appellees*.

SYLLABUS BY THE COURT.

1. TRIAL—*Judgment—Motion for New Trial Taken Under Advisement—Decision on Motion not Learned until too Late to Appeal—Petition for a New Trial Must Be Presented Within One Year from Date of Judgment.* Where the purchaser of an article sues the seller for damages on the ground that it was represented as being worth $2,400 when it was in fact practically worthless, obtaining a judgment for $1,900, and the seller later repurchases the article from the buyer for $1,500 and sells it for the same amount to a disinterested person, in order that such circumstance may be made available as newly discovered evidence entitling the defendant to a new trial, a petition therefor must be presented within one year from the date of the judgment.

2. SAME—*No Sufficient Grounds for New Trial Stated in Petition.* Where the losing party in a case tried in the district court files and submits a motion for a new trial which is taken under advisement without any definite time being fixed for its decision, and some weeks later is overruled, the fact that such party does not learn of the ruling for more than six months afterwards, and therefore loses his right to appeal therefrom, does not entitle him to have the judgment and ruling on the motion set aside by the trial court on a petition showing these facts, although it also appears that he believed it was the practice of the court to see that the parties were notified of such rulings,

Avery Co. v. Seeley.

and relied upon the promise of an attorney for another party in the case (not his adversary) to keep him advised of developments.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed February 11, 1922. Affirmed.

*J. B. Larimer,* of Topeka, *A. N. Gossett, E. C. Ellis, R. K. Dietrich,* and *F. E. Tyler,* all of Kansas City, Mo., for the appellant.

*W. E. Atchison,* and *J. J. Schenck,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: C. M. Seeley sued the Avery Company and the West Motor Car Company for damages, alleging that the latter as the agent of the former had sold him a tractor for $2,400 under certain representations that if true would have made it worth that amount, but that in fact it was worth no more than its junk value of $75. He also alleged additional damages of $1,000 by being deprived of the use of a tractor for fall plowing. A jury trial resulted on May 4, 1920, in a verdict and judgment in favor of the plaintiff against the Avery Company for $1,900, the elements of which were not indicated, and a judgment in favor of the West Company against the plaintiff for its costs. The Avery Company in due time filed a motion for a new trial which was argued and submitted, and taken under consideration by the court without any announcement as to the time the decision would be made, and on July 31, 1920, was overruled. On June 7, 1921, the Avery Company brought an independent action against Seeley (joining the West Company as a defendant), asking the same court to set aside the judgment against it, and the order overruling its motion for a new trial. A demurrer to this petition filed by Seeley was sustained, and this appeal is taken from that order.

1. For simplicity of statement the Avery Company will hereafter be spoken of as the plaintiff and Seeley as the defendant, even when the proceedings in the original case are referred to. The general ground upon which the plaintiff asks relief is that, through no inexcusable fault of its own, it did not learn of the decision overruling its motion for a new trial until more than six months after it was made, so that it thereby lost its right to appeal. In the presentation of the case, however, this feature is more or less involved with what appears to us to be an independent matter, which will be first disposed of. The petition alleges that at some time not indicated otherwise than by stating that it was after the hearing of the motion for

a new trial, the plaintiff repurchased the tractor from the defendant for $1,500 and sold it for the same amount to a disinterested person. This fact is spoken of as an important item of newly discovered evidence bearing upon the issue presented by the defendant's claim that the tractor was practically worthless. We do not understand the plaintiff to contend that the present proceeding may be sustained as an action to procure a new trial under section 308 of the code of civil procedure (Gen. Stat. 1915, § 7210); and that contention could not be successfully made, for such an action could only be brought within one year of the date of the judgment, which was May 4, 1920. So far as concerns this new evidence the plaintiff suffered no prejudice from its ignorance of the fact that its motion 'for a new trial had been overruled. That motion to its knowledge had been fully submitted and remained only to be decided, and the new evidence, even if it yet existed, was not pertinent to any issue presented by the motion. For anything that the petition shows the effectiveness of the new evidence might have been tested by an action for a new trial brought before May 4, 1921, but we can see no way in which it can be made available in the present proceeding. The court has no power to extend the time limit fixed by the statute. (*Roberts v. Packing Co.*, 98 Kan. 750, 160 Pac. 221.)

In a case in which a judgment for the collection of a life insurance policy had been affirmed by this court it was discovered while a petition for a rehearing was pending that the insured was still alive. To prevent so obvious a miscarriage of justice as the collection of insurance upon a live man on the theory that he was dead the judgment was reversed. (*Caldwell v. Modern Woodmen*, 89 Kan. 11, 130 Pac. 642.) The plaintiff doubtless conceives the wrong it has suffered as bringing this case within the same class. We cannot, however, accede to this view. The fact that the tractor was sold for $1,500 may be a strong circumstance bearing upon the merits of the controversy, but is not comparable in probative effect with the production in the flesh of a man supposed to be dead. Merely for illustration it is possible that the buyer paid more than the tractor was worth. Moreover as already stated in the present case the plaintiff failed to avail itself of a remedy that was open if the sale referred to took place prior to May 4, 1921, and there is nothing in the petition to indicate the contrary.

2. The petition contained allegations which may be thus summarized: At the hearing of the motion for a new trial the plaintiff's

attorneys announced and asked the court to give consideration to
the fact that it was then negotiating for the purchase of the tractor
from Seeley at a price "that would greatly minimize and reduce the
damages sued for." At the conclusion of the hearing the plaintiff's
attorneys (who were residents of Kansas City, Mo.) were advised
by those of the West Company that some further motion would be
filed in behalf of that company with regard to the effect of an offer
by the plaintiff to repurchase the tractor. The plaintiff's attorneys
assented to the suggestion and asked to be informed of any action
taken in this regard, and "of any further developments in the case."
The attorneys of the West Company promised to comply with the
request. The plaintiff's attorneys had theretofore been advised by
the court of all "proceedings, rulings and the like" and inferred
therefrom and believed that it was the practice of the court to have
counsel advised of all "hearings, rulings and announcements." They
relied implicitly upon the definite promise of the attorneys of the
West Company already referred to and waited in the confident ex-
pectation of being advised both by the court and by the West Com-
pany's attorneys of any further proceedings or announcements in the
case affecting their client's interest.

The plaintiff quotes these provisions of the code, and presumably
relies upon them as the basis for the relief sought:

"The district court shall have power to vacate or modify its own judgments
or orders, at or after the term at which such judgment or order was made:

.    .    .    .    .    .    .    .    .    .    .    .    .

"*Third,* for mistake, neglect or omission of the clerk, or irregularity in ob-
taining a judgment or order.

"*Fourth,* for fraud, practiced by the successful party, in obtaining the judg-
ment or order.

.    .    .    .    .    .    .    .    .    .    .    .    .

"*Seventh,* for unavoidable casualty or misfortune preventing the party from
prosecuting or defending." (Gen. Stat. 1915, § 7500.)

There was no mistake, neglect or omission of the clerk, nor was
there any irregularity in obtaining either the judgment or the order
overruling the motion for a new trial. The plaintiff's complaint is
merely that he was not notified of the ruling. Nor was any fraud
practiced by Seeley in obtaining the judgment or order. If Seeley's
pleading that a tractor which later was sold for $1,500 was prac-
tically worthless, with any evidence he may have given in support
of the statement, is regarded as constituting fraud it is not the kind

38—110 Kan.

of fraud for which a judgment is set aside after the term at which it was rendered otherwise than in response to a statutory motion for a new trial. If the plaintiff is entitled to relief under any of the provisions quoted it must be "for unavoidable casualty or misfortune preventing the party from prosecuting or defending." Even that clause has been held, with much apparent good reason, to refer only to matters occurring before the making of the judgment (or order) sought to be vacated, in a case, too, where the effect of the decision was to enforce a judgment an appeal from which had been prevented by the death of the reporter, who alone would have been able to prepare a necessary transcript. In the opinion it was said:

"A careful reading of this clause makes it very clear that this language has exclusive reference to matters occurring before the entry of the judgment sought to be vacated. Indeed, its most obvious, though perhaps not its only, application is to cases where by some casualty or misfortune a defendant has been made to suffer default, or a plaintiff has been held in default for want of prosecution of his action. It is not every casualty or misfortune which justifies such relief, but only such as 'prevents the party from prosecuting or defending.' No such claim is presented in the case before us. All the parties were in court upon the original hearing, the plaintiff prosecuting, and the defendants contesting and defending, each step in the proceedings. The issues were submitted only after a full and complete trial, in which all parties had full opportunity to introduce every item of testimony which they believe to have any bearing upon the controversy. Surely it cannot be said that the death of Mr. Cody, occurring more than a year after the cause was tried and submitted, and three months after the entry of the decree, was a casualty preventing these appellees from making their defense." (*Realty Co. v. Erickson,* 143 Iowa, 677, 681.)

And this language was quoted from *Loomis v. McKenzie,* 48 Iowa, 416:

"It cannot be said a party is prevented from prosecuting or defending a case by a matter occurring after judgment. But it may be said he is prevented from prosecuting or defending his appeal in the case. But no such meaning can be put upon the language. It unmistakably refers to casualties which prevented the prosecution or defense at the trial upon which the judgment was entered." (p. 419.)

Under various constitutional and statutory provisions, where an effective appeal has been prevented without fault on the part of the losing party, new trials have been granted by the appellate court (Notes, 25 L. R. A., n. s., 860; 12 Ann. Cas. 1056; 21 Ann. Cas. 262), and it has been said that this may be done by the trial court (*Elliott v. State,* 5 Okl. Cr. 63; *Farmer v. State,* 5 Okl. Cr. 151). If such a

Avery Co. v. Seeley.

rule could otherwise be invoked through the present proceeding it must fail because the plaintiff was not prevented from taking an appeal by any unavoidable casualty, but by the failure to exercise reasonable diligence for its own protection. It is not suggested that there was in fact a practice for the district court to notify litigants of its rulings. The manner and circumstances in which such notices had previously been given to the plaintiff's attorneys are not disclosed, so that the real basis for their understanding to that effect is not set out. The relations of the two companies appear to have been friendly rather than antagonistic—at all events they were both opposed to Seeley. In relying upon the attorneys of the West Company to give information of the decision on the motion for a new trial the plaintiff's attorneys took the risk of their neglect, and their client's situation would seem to be no better than if they themselves had failed to advise it of the need of action. But it is the long interval that was permitted to elapse without inquiry which we regard as foreclosing any right the plaintiff might otherwise have to be placed in the category of a litigant whose right of appeal has been lost without fault of his own. We do not believe the defeated party in a lawsuit who knows that a motion for a new trial has been submitted and is to be decided at some time in the future not definitely fixed exercises reasonable diligence if he suffer six months (the period within which an appeal would have to be taken from the ruling, if at all), to go by without taking steps to learn definitely whether the ruling had been made, notwithstanding he may have supposed the practice was for the court to see that notice thereof was given him, and had the promise of an attorney representing another party (not his adversary) to keep him informed of developments. Here the plaintiff waited at least six months—how much more is not shown. The motion for a new trial was argued and submitted July 3, 1920. It was overruled July 31, 1920. The plaintiff did not learn of this before January 31, 1921. Just when it received the information is not disclosed, but it took no action before June 7, 1921. We do not think the circumstances bring the case within any rule that would require the district court to set aside its judgment, or its order overruling the motion for a new trial. If the plaintiff were entitled to any relief whatever a right to be heard on appeal, notwithstanding the lapse of time, would seem fully adequate; but we perceive no way in which that could be granted.

The petition sets out that on July 31, 1920, a motion of the West

Company was heard asking that if judgment should be rendered against it in favor of Seeley it should have judgment for the same amount against the Avery Company; and that the motion was sustained, and judgment for $1,900 was rendered in favor of the West Company against the Avery Company. This judgment is spoken of as entitling the plaintiff to relief. It seems probable that the effect of the judgment rendered would be limited by the terms. of the motion, but the matter is not one we are here required to pass upon. No controversy between the two companies is now before us. The issue presented is whether Seeley's demurrer to the plaintiff's petition was rightly sustained.

The judgment is affirmed.