No. 29,280.

R. L. KRATZER, *Appellant*, v. THE KANSAS WHEAT GROWERS
ASSOCIATION, *Appellee*.

No. 29,261.

J. E. SMITH, *Appellant*, v. THE KANSAS WHEAT GROWERS
ASSOCIATION, *Appellee*.

(299 Pac. 257.)

Opinion filed May 9,
1931.

*William Keith* and *Lester Wilkinson*, both of Wichita, for the appellants.

*T. A. Noftzger,.George W. Cox, Lawrence Weigand* and *A. Cale Blakely*, all
·of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: These actions are petitions for new trials filed more
than three days after judgment on the ground of newly discovered
·evidence. In each case new trial was refused. Petitioners appeal.

In each case suit was filed by the Kansas Wheat Growers Associa-
tion against a former member, alleging a contract on the part of
·defendants with the plaintiff corporation to sell all the wheat that
.should be raised by defendants during the five years next following
the signing of the contract to the plaintiff. It also alleged breach of
the contract by defendants. Defendants filed general denials ad-
mitting they signed the contracts and denying the allegations. In
the Smith case four jury trials were had. The last one resulted in
.a verdict for $512.90. This was appealed to this court, where the
.judgment of the lower court was reversed, and the case sent back
with instructions to enter a judgment for $1,109.45. In the Kratzer
·case a trial was had and judgment was entered for plaintiff in an

amount not disclosed by the record. Some time subsequent to the entering of these judgments the defendants in each case filed petitions under R. S. 60-3005 setting out newly disclosed evidence. These petitions set out that since the trials and judgments the defendants had discovered that the organizers of the plaintiff corporation had deceived them as to certain facts that had to do with its organization. It set out that at the time the corporation was being organized the members were solicited to sign a contract to deliver all the wheat that they should raise to the Kansas Wheat Growers Association, and that each contract provided that before it should become binding and effective on signers there should be signers, who were growers, on similar contracts in the aggregate of fifty-one million bushels of wheat for 1921, and that on failure to secure sufficient signers by June 15, 1921, the association would cancel all agreements, and that if the association was not legally organized by September 1, 1921, all money collected would be returned and the business closed up. It further set out that in June, 1921, it became apparent that signatures for fifty-one million bushels could not.be obtained, and that the organization committee prepared an amendment to the contract substituting five million bushels for fifty-one million, and signatures to the amended contract were then obtained. The petition further set out that signatures for five million bushels could not be secured, that no statement was ever made and signed by the chairman of the preorganization committee, and that the growers of five million bushels of wheat had not signed the amended contract. It also alleged that a large number of the contracts procured by the preorganization committee were altered by changing the number of acres shown on each contract to have been sown in wheat that year to a much larger number. In the Smith case Smith was solicited to join the association and sign one of the contracts. This he did some days after the corporation was organized. He was told by an agent of the association that all the conditions of the contract had been complied with and the requisite number of acres signed up. He alleged that he relied on that statement and would not have signed the contract had he known it was not true, and he did not discover it was false till January, 1929, long after the trial of the action involved. In both cases the petition alleged that the newly discovered evidence constituted a good defense to the action and that appellee had so manipulated its corporate records as to conceal from appellant the true state of affairs. In

each of the original cases the petition had pleaded the contract; that the plaintiff had done everything it was required to do under it and its breach by defendant. The answer had in each case been a general denial.

In the Kratzer case the petition for a new trial alleged about the same facts.

In the Smith case the court heard the evidence that was offered in support of the petition and sustained a demurrer to the evidence for the reason that the grounds for a new trial had not been established by testimony.

In the Kratzer case a demurrer to the petition was sustained on the ground that what was offered was a newly discovered defense. In this case the court stated that the judgment was rendered after the court had considered the evidence and pleadings in the original case. In neither case was the record of the original case in the court below brought here with this appeal.

In considering whether new evidence is sufficient to warrant the granting of a new trial, the court considers the evidence and pleadings offered at the trial of the case in connection with the evidence offered in support of the motion for a new trial and upon the whole case determines whether or not the verdict or decision given at the trial was wrong. (*Haughton v. Bilson,* 90 Kan. 360, 133 Pac. 722; *Lewis v. Shows Co.,* 98 Kan. 145, 157 Pac. 442.) Appellant urges that the rule is that the newly discovered evidence must only be such as would with reasonable probability have led to a different conclusion, and cites *Sexton v. Lamb,* 27 Kan. 432. In the case of *Haughton v. Bilson,* supra, that case is overruled on the authority of sections 307 and 308 of the civil code, same being R. S. 60-3004 and 60-3005.

The record in the court below of the original cases has not been brought here. In the Smith case evidence was introduced to sustain the allegations of the petition for a new trial. In the Kratzer case no evidence was introduced. Probably the petition for a new trial was presented to the same judge of the district court that heard the original case and probably that court took notice of the record that had been presented in the original case. Indeed, in the Kratzer case the court stated that he was considering the whole case. Appellant is asking this court, however, to overturn the decision of the district court when one of the important elements that the court considered

at the hearing is left to our speculation. The pleadings are a part of this record, but the evidence is not.

We think that for this reason the decision of the district court is correct.

Moreover, in the Smith case an examination of the evidence produced on the hearing of the petition convinces us that the decision of the district court was correct, provided we assume for the sake of argument, as we must from the state of the record here, that the evidence in the original case was such that if the allegations had been proven they would have constituted a defense to the action. The court held that the evidence offered did not sustain these allegations; that is, appellant stated that he could prove certain things if he should be given a new trial, and when his petition came on to be heard he was not able to prove them by the evidence offered.

Appellant urges that the record shows that he produced sufficient proof that appellee was concealing evidence which it had been requested to furnish by appellant that would have proven the allegations of the petition so that the court should have sustained his motion to apply the rule that such a failure to produce evidence established in the case the presumption that evidence to disprove the negative averment advanced by appellant did not exist.

This rule is always addressed to the sound discretion of the court. In this case the court in its discretion refused to apply the rule. We see nothing in the record to warrant us in overturning the conclusion reached. The evidence offered by appellant rather tended to prove that sufficient contracts had left the control of appellee in the regular and ordinary course of its business so that no definite proof could be made of allegations of the petition.

The judgment of the district court in both cases is affirmed.