No. 29,875.

CHARLES GLENTON BOYER and THOMAS MARVIN BOYER, *Appellants*,
v. CHARLES CHAMPENY and KATE E. CHAMPENY, *Appellees*.

(300 Pac. 1069.)

Opinion filed July 3, 1931.

*T. A. Noftzger, George W. Cox, Lawrence Weigand* and *A. Cale Blakely*,
all of Wichita, for the appellants.

*E. J. Taggart, John Bradley,* both of Wellington, *W. L. Cunningham, D.
Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas
City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the court denying
a petition for a new trial, which was predicated on newly discovered
evidence.

In form the action was to quiet title to real property, but essen-
tially involved the construction of certain deeds. An allied case was
here before (*Boyer v. Champeny,* 125 Kan. 319, 263 Pac. 1066),
which was an appeal from a survey made to locate a certain corner.
In that case it was sought to have the court construe certain deeds
referred to in the opinion, but the court held the surveyor had no
jurisdiction to construe ambiguous deeds of conveyance to determine

the intention of the parties thereto and if the parties desired such deeds interpreted it should be done in an appropriate action brought therefor. Following the decision of this court in that case this action was brought.

An island in the Arkansas river and a mill property referred to in the former opinion were owned by one Georgianna Nevins, who, in September, 1899, conveyed a part thereof to C. S. Griffith, describing the property in controversy as follows:

"Commencing fifty feet south of the dam and headgate in the mill race or cut-off west of island No. 1 in the SE¼ of sec. 36, twp. 31 S., range 2 east; thence running north along said mill race or cut-off to a point within ten (10) rods *of the west end of the dam at waterline across the Arkansas river;* thence east to the Arkansas river; thence northerly along said river to the dam; then south along said mill race or cut-off to the place of beginning. . . ." (Italics ours.)

This was the first time the ownership of the mill property on the island had been divided. Previous to that time all of it had been owned by one person. Defendants hold under mesne conveyance under this deed. Later Georgianna Nevins conveyed the balance of the island, and through mesne conveyance plaintiffs claim under those deeds. The descriptions in those deeds need not be set out here. The controversy in this case is with respect to what the parties to the deed of September, 1899, meant by the words "the west end of the dam at waterline across the Arkansas river." Plaintiffs contended that after the dam was built, about 1876, several hundred feet of the south or west end of it had been covered by sand, and that the parties to the deed in question, by the use of the language of the deed of September 4, 1899, referred to a point on the dam at waterline across the Arkansas river as it was then located and which was then visible to the parties. Defendants contended that the south or west end of the dam, as constructed in 1876, was visible to the parties at the time of the deed of September, 1899, and was the point referred to in that deed. The real controversy hinged around those contentions. If plaintiffs' contentions were found to be correct their land would extend several hundred feet further north than it would if the defendants' contentions were established. The tract was deemed valuable because of underlying oil. The action was tried to the court, which made exhaustive findings of fact and conclusions of law, and specifically found that in September, 1899, the south or west end of the dam, as originally

constructed in 1876, was plainly observable, and that it was the end of the dam referred to in the deed in question. Plaintiffs appeared to be satisfied with the findings and judgment of the court and did not file the ordinary motion for a new trial. Within a few days before the expiration of a year from the date of the judgment plaintiffs. filed a petition for a new trial on the ground of newly discovered evidence. Such petition is authorized by our statute (R. S. 60-3005), which reads as follows:

"Where the grounds for a new trial could not with reasonable diligence have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, and more than three days after said verdict, report or decision was rendered or made, the application may be made by petition, filed as in other cases, not later than the second term after discovery;. on which a summons shall issue, be returnable and served, or publication made, as prescribed in section 78 [R. S. 60-2525]. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation the case shall be heard and summarily decided at the ensuing term, and if in term, it shall be heard and decided after the expiration of twenty days from such service. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases; but no such petition shall be filed more than one year after the final judgment was rendered."

In this petition plaintiffs named certain witnesses and set out in substance the evidence the witnesses would give. About four months later they filed an amendment to their petition for a new trial, naming additional witnesses and the substance of. the testimony they would give. Hon. Lafayette H. Finney, who had tried the case, having died, and Hon. Wendell P. Ready, who had succeeded him, being disqualified, Hon. George J. Benson, of the thirteenth judicial district, was called in to try the petition for a new trial. The court, having heard the evidence on the petition for a new trial, and having reviewed the premises at the request of plaintiffs, found that the petition for the new trial and the amendment thereto should be denied, and rendered judgment accordingly. The present appeal is from this judgment.

While appellees mention the point that the supplemental petition for a new trial should not be considered because it was filed more than a year after the judgment, they do not press it seriously, for they contend that even the petition and evidence offered in support of that, considered with all of the other evidence in the case, would not justify a new trial. It is our judgment, however, that the sup-

plemental petition should not have been considered, for the reason that it was filed too late. It really is an additional and, in a sense, an independent petition for a new trial. The statute specifically provides that the petition shall not be filed more than a year after the final judgment was rendered, and this court has repeatedly held that a petition filed later than a year after the final judgment is not in time. (*Soper v. Medberry*, 24 Kan. 128; *Monson v. Battelle*, 103 Kan. 470, 173 Pac. 927; *Avery Co. v. Seeley*, 110 Kan. 590, 204 Pac. 731; *Bauman v. Hoffman*, 125 Kan. 62, 262 Pac. 545.)

The statute above quoted, with other provisions of the code relating to proceedings for a new trial, make it the duty of the court, in passing on a petition for a new trial such as was presented in this case, to consider the pleadings and evidence offered at the trial as well as that offered in support of the petition for a new trial, and upon the whole case to determine whether the decision given at the trial was wrong. (*Haughton v. Bilson*, 90 Kan. 360, 133 Pac. 722.) In this case the trial court had the transcript of the evidence received on the trial of the case, and considering that, together with the pleadings and the evidence offered in support of the petition for a new trial, was of the opinion the new trial should not be granted.

Evidence offered in support of a petition for a new trial should be considered on the same basis as though it were offered on a motion for a new trial, the only difference being that if it is discovered after the three days provided for the filing of a motion for a new trial it may be considered and presented by the court under a petition for a new trial. Naturally the new evidence offered should be material, ordinarily should not be simply cumulative or impeaching, and the party presenting it should make a showing that with reasonable diligence he could not have discovered the evidence in time to have presented it at the trial.

We deem it unnecessary to set out at length either the evidence offered on the original trial or that offered in support of the petition for a new trial. It related largely to the question of whether the south or west end of the dam, as originally constructed, was near the waterline of the river and was visible to the parties at the time the deed in question was made, in September, 1899, and the acts or statements of the parties with respect to possession of the premises conveyed, or their intention with respect to the line established by the conveyance, in so far as statements or acts of that character

were attempted to be shown. We have carefully examined the evidence as abstracted and find an abundance to support the judgment of the trial court. This is true even though all of the evidence offered in support of both petitions for a new trial should be considered. The evidence offered in support of the petitions for a new trial was largely cumulative, some of it mildly impeaching, some of it was not very material, and the showing of diligence to obtain the evidence and have it for the trial was decidedly weak.

Taken as a whole, there is no reason to disturb the judgment of the court below, and it is affirmed.