No. 35,070

MRS. VERGIL MOURNING, *Appellant*, v. GEORGE HARRISON, *Appellee.*

(118 P. 2d 558)

Opinion filed November 8, 1941.

*A. W. Hershberger, J. B. Patterson, Enos E. Hook* and *P. J. Warnick,* all of Wichita, for the appellant.

*Carl I. Winsor, John E. Boyer,* both of Wichita, and *Carl Van Riper,* of Dodge City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This action was for damages arising out of a collision between two motor vehicles at the intersection of two roads about eight miles south of Leon, Kan. Plaintiff was proceeding west in a truck driven by her husband; the defendant was traveling south on the north-and-south road.

The accident was on August 14, 1938; suit was filed September 1, 1938, and the trial was held on May 27, 1940. The jury answered special questions and returned a verdict for defendant. Plaintiff's motion for a new trial was overruled. The motion was based on the ground of newly discovered evidence, and the sole question presented is whether the trial court erred in overruling the motion.

In the early case of *Smith v. Williams,* 11 Kan. 104, 106, it was stated:

"The motion was based on the ground of newly discovered evidence. While the rules by which motions of this kind must be determined are well settled, and clearly defined, yet in the application of these rules much must be left to the discretion of the trial court. When a case has been once fairly submitted to a jury, the verdict ought not to be disturbed, and the successful party put to the labor, the expense, and the hazard of another trial for any light or trivial reasons, or upon the mere possibility of a different verdict."

In *Brown v. Wheeler*, 62 Kan. 676, 681, 64 Pac. 594, the court stated:

"The rules as to granting new trials on the ground of newly-discovered evidence, as established by this court, are: (1) The evidence must be in fact newly discovered, that is, discovered after the trial, and could not with reasonable diligence have been discovered and produced at the trial; (2) it must not be cumulative; (3) it must be of such character and strength as would with reasonable probability have compelled a different decision."

The point raised is stated by counsel for plaintiff:

"The court's attention is called to the fact that upon the special questions submitted and answers given by the jury that it is quite evident that the jury relied solely upon the testimony of appellee's witness, D. H. Sipe, in finding the appellant guilty of contributory negligence. Special questions indicate that the jury were of the opinion that the appellant, Mrs. Mourning, had a clear view to the north of the north-and-south road for a distance of 120 feet east of the intersection itself. Mr. Sipe's testimony was substantially to the effect that there were no weeds at that corner except a few small rag weeds which did not grow high and a hedge row which had been cut back approximately 120 feet. The jury in their answer to special questions indicated that Mr. Harrison, the defendant and appellee, was negligent in that he did nothing to avoid the collision after seeing the car in which the plaintiff was riding. They obviously based their verdict then upon the contributory negligence of Mrs. Mourning; upon Mr. Sipe's testimony and the photographs introduced by the defendant, which photographs were taken of this intersection on August the 17, 1938. Mr. Sipe in his evidence stated that defendant's exhibit No. 10 was a fair representation of the intersection on August 14, 1938. The affidavits submitted in the motion for a new trial clearly indicate that Mr. Sipe was mistaken."

This statement seems to be a candid admission that the purpose of the newly discovered evidence is to discredit the witness Sipe. If so, it would not be an adequate ground for granting a new trial. In *State v. Smith*, 35 Kan. 618, 11 Pac. 908, it was held, as stated in the syllabus:

"As a general rule, newly discovered evidence the purpose of which is to discredit a witness in the original trial, does not afford adequate ground for the granting of a new trial." (Syl. ¶ 2.)

See, also, *Pittman Co. v. Hayes*, 98 Kan. 273, 157 Pac. 1193; *Ferguson v. Stewart*, 121 Kan. 749, 250 Pac. 292.

Neither will a new trial be granted where the newly discovered evidence is merely cumulative. On this point we examine the answer of the jury to the special questions and evidence submitted by the plaintiff.

Special questions answered by the jury:

"2. Did the plaintiff keep a proper look-out for approaching cars? A. No.

"3. As the automobile of the plaintiff approached the intersection where the accident occurred, could plaintiff have discovered the defendant's car had she looked to the north? A. Yes.

"4. If you answer question No. 3 'yes,' how far from the intersection could the plaintiff have seen the defendant's car had she been keeping a proper look-out for the approaching cars? A. 120 feet."

As bearing on the answers to questions 3 and 4, we quote from the testimony of the plaintiff and her husband who were riding in the west-bound car.

The plaintiff testified:

"Q. Mrs. Mourning, you remember, do you, approaching that intersection where the accident occurred? A. Yes, I noticed in particular because I noticed that there were—as we came along toward the intersection there were tall weeds that were almost tall enough [to] brush on my side of the cab.

"Q. On your side. That would be the north side? A. North side. You could reach them almost."

Fred M. Mourning, husband of the plaintiff, testified:

"Q. I will ask you to describe this intersection to the jury as best you can. A. Well, this intersection as I remember it, came up to it, the weeds had grown up pretty close to it. It was a county highway. I say it was a county highway but it hadn't been taken care of like the rest of the roads had.

"Q. Which one do you refer to? A. The road that I approached on, that is from the east, the weeds out very close to the intersection. Impressed me at the time—I could be a little less in the frame to remember just exactly lately—but impressed me at the time that there was very high sunflowers there on the right.

"Q. Where was that? A. That was up pretty close to the intersection."

In the affidavits of Olsen and Newcomber supporting the motion, the affiants state that the weeds at the northeast corner of the intersection at the time of the accident were high and very dense. Clearly such testimony would be cumulative. We find nothing material in the affidavits that was not presented to the jury at the trial.

The affidavit of Olsen states that none of the parties to the action had contacted him prior to July 1, 1940. As the action was filed on September 1, 1938, it would seem that if reasonable diligence

had been shown, the evidence of this witness could have been discovered and produced at the trial. Nor do we find that reasonable diligence was exercised by plaintiff to secure the evidence of the affiant Newcomber.

The evidence was conflicting as to whether the weeds at the intersection prevented the driver of plaintiff's car from seeing the car of defendant approaching from the north. The defendant Harrison as well as Sipe testified that while there were weeds at the intersection the view was not obstructed. We cannot say there is a reasonable probability that the cumulative evidence proffered in the motion would compel a different result. The defendant is not to be put to the expense and hazard of another trial upon the mere possibility of a different verdict.

The judgment is affirmed.