## No. 41,824

HERMAN S. HUMFELD, *Appellee,* v. PYRAMID LIFE INSURANCE COMPANY, *Appellant.*

(356 P. 2d 668)

Opinion filed November 12, 1960.

*L. H. Ruppenthal,* of McPherson, argued the cause and was on the brief for the appellant.

*Roger W. Lovett,* of McPherson, filed a counter abstract but no brief for the appellee, and did not argue the cause.

The opinion of the court was delivered by

PRICE, J.: This was an action to recover on a health and accident insurance policy. Judgment was for plaintiff insured, and defendant company has appealed.

The following facts were stipulated:

Plaintiff was the insured in a health and accident policy issued by defendant company. The premiums were payable on a quarterly basis. The premium due in November, 1956, was not paid

and the policy lapsed. In January, 1957, the past-due premium was paid and the policy was reinstated by defendant as of February 8, 1957. The pertinent provision of the policy relating to reinstatement reads:

"The reinstated policy shall cover only loss resulting from such accidental injury as may be sustained after the date of reinstatement and loss due to such sickness as may begin more than ten days after such date."

Reinstatement being on February 8th, the policy covered only such sickness as began after February 18th.

On February 21st plaintiff consulted his doctor for a condition which was diagnosed to be what is commonly known as gall stones. Surgery was recommended, and on February 27th plaintiff underwent an operation for removal of his gall bladder. Claim was made under the sickness provision of the policy, plaintiff contending that his sickness did not begin until after February 18th. Defendant, in denying payment, contended plaintiff's sickness began prior to February 18th and as early as Febuary 1st. It was further stipulated the only question for determination was—*when did plaintiff become ill?*

Plaintiff testified that prior to February 21st he had had no feeling of illness, and that upon experiencing severe pain in his right side on the morning of the 21st he went to see his doctor. Prior to that date his physical condition, to the best of his knowledge, had been good. Some time after his recovery from the operation he had signed a claim blank which was forwarded to defendant company. This claim had been filled out with a typewriter by his wife. He had not bothered to read it and merely signed it. Question number 2 on this claim blank was:

"When did you first notice symptoms of this condition or realize you were beginning to get sick?"

It was answered:

"around Feb. Lst."

He testified he knew nothing about the answer; that his wife had filled out the claim with a typewriter, and that he merely signed it.

Plaintiff's wife testified that plaintiff first experienced sickness on February 21st; that he had worked full time up until that day, and that the "Feb. Lst." typed in by her on the claim blank was a typographical error on her part, and that she meant "last." Upon further questioning she conceded that "1st" ordinarily is an abbreviation of the word "first," but she nevertheless contended that in this instance she meant the letters "Lst" for "last."

She further testified that her husband was the insured in two other health policies with other companies; that she had filled out on a typewriter all three claim blanks at approximately the same time; that she was quite sure all had been filled out in the same way; that the letters "Lst" had been typed in on each claim, and that they were intended to represent "around February last."

On behalf of defendant, the doctor who treated plaintiff testified that plaintiff first came to him on the morning of February 21st and complained of pain in the upper right quadrant of his abdomen. Two days later his condition was diagnosed as inflammation of the gall bladder and gall stones, and the gall bladder was removed on February 27th. The doctor had filled out a report to defendant company, and on this report the date "About February 1, 1957," was listed as when symptoms of plaintiff's illness first appeared. The doctor testified that based upon his knowledge of plaintiff's condition on February 21st he would have expected him to have experienced the symptoms as early as February 1st, and that his answer on this point contained in the medical report sent to the company was undoubtedly arrived at from his conversation with plaintiff. On the other hand, the doctor testified that it was possible for a person to have an inflamed gall bladder and be wholly unaware of it, and that a person might go to his grave with gall stones and be well every day of his life.

He further testified that plaintiff was not the type of person who was prone to overlook his illnesses, and that he was the type who seeks medical attention promptly upon the first symptoms of illness.

At the conclusion of the trial, which was before the court without a jury, judgment was rendered for plaintiff for the amount prayed for, $383.50, together with an allowance of $150 for attorney fees.

Defendant filed a motion for new trial on the grounds the decision was contrary to the evidence and was given under the influence of passion and prejudice.

Later, within time, defendant filed a petition for new trial on the ground of newly discovered evidence, as provided by G. S. 1949, 60-3005. Briefly, this petition set out that it was stipulated the only question for determination concerned when plaintiff's illness began; that during the trial defendant learned for the first time that plaintiff was the insured in two other health policies with other companies; that since the trial defendant had learned that the proof of loss forms submitted to the two other companies contained questions identical to those in the proof of loss claim made to de-

fendant, and that they showed conclusively by the typed-in answers by plaintiff's wife that plaintiff's illness began "around February first" rather than "around February last," as testified by plaintiff and his wife.

Photostatic copies of the claim blanks submitted to the other two companies showed that "Feb. 1st" had been listed as the date when the first symptoms of plaintiff's illness were noticed.

After considerable argument and discussion between court and counsel concerning the alleged "discrepancies" in the typed-in answers on the three claim blanks in question, the court overruled the motion and petition for a new trial and made an additional allowance of attorney fee in the amount of $50 to cover the hearings on the post-trial motions.

Although in its appeal to this court defendant presents several questions, the gist of its contentions is that as the only question in issue concerned the date when plaintiff's illness began, the newly discovered evidence consisting of the copies of the claim blanks forwarded to the other two companies which showed the date to be on or about "Feb. 1st," tended to show that plaintiff's evidence on the trial was false, and therefore a new trial should have been granted.

It is further contended that it was error to allow the additional attorney fee in the amount of $50 for services in connection with the post-trial motions and order.

Rules pertaining to the granting of new trials on the ground of newly discovered evidence are discussed in *Mourning v. Harrison*, 154 Kan. 242, 118 P. 2d 558, where it was held that the evidence must be in fact newly discovered—that is, discovered after the trial —and could not with reasonable diligence have been discovered and produced at the trial; that it must not be cumulative, and that it must be of such character and strength as would with reasonable probability have compelled a different decision. It was further held that, generally speaking, newly discovered evidence, the purpose of which is to discredit a witness in the original trial, does not afford adequate ground for the granting of a new trial.

In passing, it is to be noted that the then counsel for defendant, upon learning from the testimony of plaintiff's wife that she had filled out two other claim blanks, did not ask for a continuance so as to enable him to obtain copies of those claims. It is further noted that plaintiff's wife testified she meant the letters "Lst" to be "last"

—meaning the "last of February." Both she and plaintiff testified that plaintiff first noticed symptoms of illness on February 21st, the date he went to the doctor. The doctor testified that it was possible for plaintiff to have had the gall stones for a considerable period of time without being aware of it. In other words, despite the "confusion" in the testimony concerning whether plaintiff first became ill the "last" or the "first" of February, there was evidence to support the conclusion by the court that plaintiff's illness *began* after February 18th.

In *Kratzer v. Kansas Wheat Growers Ass'n*, 133 Kan. 3, 299 Pac. 257, it was held that when a petition for a new trial is filed on the ground of newly discovered evidence the court considers the new evidence offered together with the evidence and pleadings offered at the trial of the case, and upon the whole case determines whether the verdict or decision given at the trial was wrong. See also *Boyer v. Champeny*, 133 Kan. 434, 437, 300 Pac. 1069. From the record presented, we have no doubt but that the decision would have been the same even though the alleged newly discovered evidence had been presented at the trial.

G. S. 1959 Supp. 40-256, provides for the allowance of an attorney fee in actions against certain defined insurance companies under circumstances and conditions therein set out. Here the defendant complains of the additional allowance in the amount of $50 for services rendered by plaintiff's counsel at the hearing on the post-trial motions. Its contention is that the statute permits an allowance only in rendering "such judgment" and does not authorize an additional fee to be tacked on at a post-trial hearing. Under the facts before us the point is not well taken and the additional allowance was justified.

There is evidence in the record to support the judgment rendered. It does not affirmatively appear the trial court abused its discretion in overruling the motion and petition for a new trial, and, no reversible error being shown, the judgment is affirmed.