No. 43,785

DENNIS WILCOX, a Minor, by Frank Wilcox, His Father and Next Friend, *Appellant*, v. PARK A. COLWELL, *Appellee*.

(396 P. 2d 315)

Opinion filed November 7, 1964.

*Joseph H. McDowell*, of Kansas City, argued the cause and was on the briefs for the appellant.

*Leonard O. Thomas*, of Kansas City, argued the cause, and *Lee E. Weeks, J. D. Lysaught, Richard Millsap, Robert H. Bingham, Ervin G. Johnston, Kenneth I. Rock*, and *Roger D. Stanton*, all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Dennis Wilcox, a minor eleven years of age, by and through Frank Wilcox as his father and next friend, brought this action against Park A. Colwell, to recover damages for personal injuries alleged to have been sustained in a collision between plaintiff's bicycle and defendant's automobile.

The facts material to a determination of the questions on appeal may be highly summarized.

At approximately 5:20 in the afternoon of October 6, 1958, plaintiff was riding his bicycle in the 1400 block of north 55th Street on a public thoroughfare in Wyandotte County, in a southerly direction. At the same time and place defendant was driving his automobile in a northerly direction on the same thoroughfare, which was an asphalt and graded shoulder type township road. There was a curve and an embankment near the point of the collision which obstructed the view of approaching drivers. A collision occurred and plaintiff was injured.

The petition, in addition to alleging the facts as above stated, contained the following allegations:

"3. That said collision and the injuries resulting to the plaintiff therefrom were caused directly, proximately and solely by the negligence of the defendant, to-wit:

"A. The defendant failed to keep a proper lookout for pedestrians and vehicular traffic when with the exercise of reasonable care he would have seen the plaintiff in time to avoid striking him.

"B. By failing to turn his said vehicle to one side or to stop when with the exercise of reasonable care he could and would have so turned or stopped and avoided striking the plaintiff.

"C. By failing to sound a warning when he realized, or should have realized, that the plaintiff was in danger of being struck.

"D. In failing to keep his automobile under proper and (adequate) control."

Following the filing of the petition the defendant moved the court for an order requiring the plaintiff to make paragraph 3D of the petition definite and certain by setting forth the facts on which plaintiff based the conclusion that the defendant failed to keep his automobile under proper and adequate control, or in the alternative that the allegations be stricken as a mere conclusion of the pleader.

In ruling on the motion the court, on July 1, 1960, struck the word "adequate" from the allegations of the petition.

The defendant then filed an answer in which he denied each and every allegation of the petition, except those specifically admitted, and further alleged:

"4. The defendant states that if plaintiff sustained injuries at the time and place set forth in his petition, which this defendant denies, that said injuries were caused by plaintiff's own negligence and carelessness, or his own negligence and carelessness directly contributed thereto."

The abstract contains the following reference to a pretrial conference, which was held pursuant to G. S. 1949, 60-2705. It reads:

"(At the pre-trial conference on October 11, 1961, the Court made notes on a yellow legal pad in the Court's handwriting. These notes are as follows and are fastened in the clerk's file of the case:)

"4962B                                              Pre Trial 10/11/61

"Pltf., age 11, on bicycle going South on eastermost edge of 1400 block on North 55th—5:26 p. m., 10/6/58

"Pet.

"Answer—gen. denial and plea of contrib.

"Reply—needed

"Plf.'s specials:   $1,130.00   $1,129.55
                                        15.
                                   ─────────
                                    1,144.55

"Injuries still existing
  Right leg shorter
"Plf. wits.
"Pltf. to furnish up to date medical
"Pltf. given leave to file reply within 7 days.
"Pltf.'s 3(d) to be stricken or made definite & certain."

After the pretrial conference plaintiff filed his reply, as required by the court, but made no attempt whatsoever to comply with its final requirement that paragraph 3D of his petition be stricken or made definite and certain.

In due time the case came on for trial by a jury. At the close of the evidence the trial court refused to instruct the jury as to plaintiff's contention that the defendant failed to keep his automobile under proper control because plaintiff had not complied with the pretrial order.

Thereafter, and under numerous other instructions, proper forms of verdict, and special questions, the case was submitted to the jury, which ultimately returned into court with a general verdict in favor of defendant and answers to special questions, wherein it found that defendant's automobile was traveling five miles per hour at the moment of the impact; that plaintiff was east of the center line of the road; that plaintiff took no precaution to avoid a collision with oncoming cars; and that plaintiff was guilty of contributory negligence.

Subsequently, the trial court overruled plaintiff's motion for a new trial, his petition for a new trial, and rendered judgment on the general verdict and special findings for the defendant. Whereupon plaintiff perfected the instant appeal under claims of error to which we shall presently refer.

The first contention advanced by appellant is based on the premise the trial court did not reduce the pretrial conference proceedings to an order, hence such proceedings were null and void and the allegation of 3D of the petition, that the appellee failed to keep his automobile under proper control, was still in that pleading; and that the court should have instructed thereon, notwithstanding appellant had wholly failed to make the allegations of 3D more definite and certain as directed by its final pretrial requirement. We do not agree. The notes, heretofore quoted, which were made by the trial judge in his own handwriting at the time of the pretrial conference and were then placed by him in the files of the case in the office of the clerk of the district court,

were sufficient to comply with the requirements of 60-2705, *supra*. We are cited to and know of no case to the contrary. The appellant could not sit idly by, make no request for a formal order, and then be heard to say the pretrial order had no force and effect. This, we may add, is especially true where—as here—no claim is made that the trial judge's notes do not correctly reflect the pretrial proceedings.

Next, and in connection with the order overruling appellant's motion for a new trial, it is urged the trial court erred in failing to instruct as to the speed limit. This connection lacks merit and cannot be upheld. At the time of the trial the parties did not know, and the court was not informed, what the speed limit was and there was no evidence to support appellant's requested instruction that the court fix it at thirty miles per hour. Moreover, the issue of speed was removed from the case under the pretrial order. In that situation it is clear the court properly instructed the jury as to reasonable and prudent speed under the provisions of G. S. 1961 Supp., 8-532 (*a*) and (*c*), and did not err in refusing to give the requested instruction.

Citing *Nicholas v. Latham*, 179 Kan. 348, 295 P. 2d 631, which holds that when a verdict does not meet the approval of the trial court no duty is more imperative than to set it aside and grant a new trial, appellant suggests the trial court was dissatisfied with the verdict. We approve the rule but cannot agree it is applicable in this case. The trouble, from appellant's standpoint, rests in the fact the record does not sustain his position. We find several statements which were made by the court at the time of the overruling of the motion for a new trial to the effect that it could see no reasonable basis for overruling what the jury did, that the jury could well have found appellant free of contributory negligence, but it did not, and that so far as feeling that appellant had not had a fair trial, the court did not feel that way at all. In view of the foregoing statements, and others of like nature, appellant's position on this point lacks merit and cannot be upheld.

Finally appellant contends the trial court erred in denying his petition for a new trial which was filed pursuant to G. S. 1949, 60-3005 and based on grounds of newly discovered evidence as to the actual speed limit on the township road in question at the time of the accident. This speed limit was discovered and found to be thirty-five miles per hour after the motion for a new trial had been

argued and denied. However, the record makes it appear, in fact it is conceded, that such speed limit had been properly fixed by the State Highway Commission in November, 1950, under G. S. 1949, 8-532 (*d*), now G. S. 1961 Supp., 8-532 (*d*), and that a record of that action had been on file in the office of the county clerk of Wyandotte County ever since December, 1950.

The rules governing the granting of new trials on the ground of newly discovered evidence are well-established and require little discussion. See, e. g., *Mourning v. Harrison,* 154 Kan. 242, 118 P. 2d 558, where it is held:

"The rules as to granting new trials on the ground of newly discovered evidence, as established by this court are: (1) The evidence must be in fact newly discovered, that is, discovered after the trial, and could not with reasonable diligence have been discovered and produced at the trial; (2) it must not be cumulative; (3) it must be of such character and strength as would with reasonable probability have compelled a different decision." (Syl. ¶ 2.)

For a more recent decision, where the rules set forth in the Mourning case are considered, discussed, approved and applied, see *Humfeld v. Pyramid Life Ins. Co.,* 187 Kan. 231, 234, 356 P. 2d 668.

For a more general statement dealing with the rules announced in our decisions, which has our approval, see 39 Am. Jur., New Trial, § 165, p. 172, which reads:

"To constitute sufficient ground for a new trial, newly discovered evidence must not only be relevant and material to the principal issues in the case, but must be sufficiently strong to make it probable that a different result would be obtained in another trial. The new evidence must be of a decisive and conclusive character, or at least such as to render a different result reasonably certain. Newly discovered evidence, in order to justify the granting of a new trial, must be such as might reasonably be expected to change the result, and an applicant for a new trial upon this ground must show that the evidence upon which he relies is of such character as to give reasonable assurance that it will work a different result upon a retrial. A dispute as to whether the new evidence has this probative effect is to be determined primarily by the trial court in its discretion. Nor will a reversal be ordered unless an abuse of discretion is disclosed."

Having reviewed the entire record in the light of the facts heretofore stated and the rules applicable thereto, and mindful of the fact that at the time the cause was submitted to the jury the issue of speed had been removed from the case under the pretrial order, we have concluded that the newly discovered evidence on which appellant relies to sustain his position on the point now under con-

sideration (1) cannot be said to be of such character and strength as would with reasonable probability have compelled a different result or decision and (2) could with the exercise of reasonable diligence have been discovered and produced at the trial. Moreover, under all the related facts and circumstances, we are convinced the record presented does not disclose an abuse of discretion on the part of the trial court in denying the petition for a new trial. This conclusion, we believe, is inescapable when it is kept in mind that the jury not only returned a general verdict for the appellee but in addition, by its answers to the special questions, found appellant guilty of contributory negligence in the several particulars mentioned earlier in this opinion.

We find nothing in other contentions advanced by the parties which requires further discussion or warrants a reversal of the judgment.

The judgment is affirmed.